## Bright v. Commonwealth.

(Decided October 31, 1930.)

AUBREY HESTER for appellant.

J. W. CAMMACK, Attorney General, and HOWARD S. GENTRY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—
Affirming.

The appellant, Bert Bright, was jointly indicted by the grand jury of Graves county with Omer Harding, Knox Wheeler, and John Doe, in which defendants therein were accused of conspiring to rob and later robbing the bank of Fancy Farm, Ky. Upon his separate trial thereon appellant was convicted and punished by confinement in the state penitentiary for two years. His motion for a new trial was overruled, and from that order of the court and the judgment pronounced on the verdict, this appeal is prosecuted.

The only ground argued in brief of counsel for appellant is that the evidence was insufficient to prove appel-

lant's guilt, and that the verdict against him is without legal support. A number of witnesses introduced by the commonwealth testified, without contradiction from any source, to a number of incriminating statements of appellant, both preceding and following the robbery with which he was charged, and also to like conduct of his, and which are chiefly relied on by the commonwealth to sustain the conviction, but which counsel for appellant contends are insufficient for that purpose.

Some month or more prior to the robbery appellant and one of his codefendants (Omer Harding), with others, were in the jail of Graves county, and while there he was conversing with Harding about robbing the bank at Dukedom, a town in the southern part of Graves county. In one or more of them appellant suggested the propriety of robbing the bank of Fancy Farm, where he stated there was always accessible as much as $1,500 or $2,000, and that it would be an easy task to accomplish the robbery, especially if attempted about 10:30 a. m. when the cashier usually went to the post office for mail, leaving only a female clerk or assistant therein. A number of such conversations were proven, and practically admitted by defendant himself. Other such conversations were had through the window of the jail between appellant, Harding, and perhaps other inmates, after appellant had been released from custody. He also visited another witness, or perhaps two, after his release from jail and endeavored to induce them to assist him in robbing the Fancy Farm Bank, but they refused to do so.

It was also proven that appellant had been working for some time for Mr. Ross, the cashier of the bank, and was frequently about that institution and knew all of the physical arrangements, not only of the bank building, but likewise of the approaches, as well as routes of escape. On the day and at the time of the robbery appellant was at work for Mr. Ross on a building around the corner, but only about a block and a half from the bank, and over the street by the side of which the actual robbers (three in number) passed in an automobile as they approached the bank to commit the robbery, and one or more witnesses testified that appellant waved at them. Immediately following the robbery the same automobile passed with the same three persons in it and appellant remarked, "What do you think of that?" The report of the robbery had not then gained circulation, and the remark would indicate that appellant was the only per-

son in possession of the fact of the robbery, which when publicly known would create astonishment such as was indicated by his proven remark. After being arrested by the sheriff he made a number of guilty statements, one of which was that he had talked too much.

It was fairly well proven that Harding was one of the actual robbers of the bank and that another was Wheeler, one of the defendants in the indictment, but the third one represented by the fictitious name of "John Doe" is still wholly unknown, though it was proven that appellant was not that one. It will be perceived that the indictment, as well as the testimony heard at the trial, was not directed toward fastening the guilt upon appellant as an actual perpetrator of and participant in the robbery, but only as a conspirator to commit it, and which was done by some of the other conspirators pursuant thereto.

We are aware that one may not be convicted of a crime when the testimony consists of facts or circumstances, or both, producing only a surmise or suspicion. On the other hand, the rule is thoroughly established that a conviction may be had from proven circumstances alone, when they are of such a nature as to fairly and reasonably import guilt. The proven facts and circumstances in this case conclusively show, not only a willingness on the part of appellant to enter into a conspiracy to rob the bank, but also an actual effort on his part to effect such an arrangement. It is also shown, as we have above pointed out, that he was at a convenient place on the sidewalk in Fancy Farm at the hour of the day that he had suggested would be an appropriate time for the robbery, and that he greeted the actual robbers as they were on their way to commit it and immediately before they did it, and that he was likewise convenient when they returned from the scene of the crime and remarked, "What do you think of that?"

While the testimony is not so strong as in some other cases of convictions on circumstantial testimony alone, yet it is of a character that produces more than a surmise or suspicion, and from which a logical deduction of guilt could reasonably be inferred. It is only when the verdict is so overwhelmingly against the testimony as to indicate passion and prejudice on the part of the jury that it will be set aside as flagrantly against the evidence. We are not prepared to say that the verdict in this case is subject

784

to such criticism. On the contrary, the testimony, if believed by the jury and which they had a right to do, pointed very conclusively toward the guilt of appellant, and the verdict sustaining that conclusion is not, as we conclude, subject to the criticism contained in the only ground relied on for a reversal..

Wherefore the judgment is affirmed.