## Hays v. Commonwealth.

(Decided Nov. 9, 1937.)

CARL D. PERKINS for appellant.

HUBERT MEREDITH, Attorney General, and W. OWEN KELLER, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Reversing.

George Hays had been sentenced to imprisonment for one year for the crime of arson and is appealing. He is charged with burning the public school building in subdistrict No. 7 in Knott county. This building stood on a hill something over 200 yards from a state highway. As we gather from the evidence there was an elevated ridge or bench back of the school building and a short distance therefrom. The building burned on the night of July 18, 1936, between the hours of 11 and 12 o'clock. The school superintendent and a number of other persons who gathered at the scene of the fire arranged to meet there the following morning to make an investigation. He and three or four others testified that they found tracks apparently leading from a window in the building to a path on the ridge or bench back of the building, which leads off the hill and down to a road near the home of appellant. They found the same tracks along this path and some in or near the road a short distance from the home of appellant. As they were nearing the road they met appellant and another and one member of the party voiced the suspicion that appellant was the guilty party. They had made measurements of the length and width of the track they found, leading from the schoolhouse by cutting sticks to fit into the imprint of the shoe in the earth. After appellant had passed them they testified they made measurements of the imprint made by his shoes and found it corresponded exactly in both length and width with the tracks they had been following. However there is evidence that at the time or after the fire was discovered there had been a rain. The witness who entertained the suspicion against appellant was a teacher who had been employed to teach in subdistrict 7 in the school year 1936-1937, and his suspicions were based on the fact that appellant had been against him in the

school elections and there had been trouble between his family and the Hays family. He testified to those matters on the trial and the court, over objections of appellant, admitted the evidence as bearing on motive. The admission of this evidence, the refusal of the court to sustain appellant's motion for a directed verdict in his favor, and the failure to instruct on the whole law of the case, are the grounds urged for reversal.

The conclusion we have reached concerning the second ground challenging the sufficiency of the evidence renders it unnecessary to determine the other grounds. We have recited all the evidence introduced or relied on by the Commonwealth to show guilt, and it merely establishes that the imprint made by the shoe worn by appellant was the same length and width as the tracks found along a path leading in the general direction of appellant's home and, so far as the evidence discloses, there were no peculiar marks in the tracks made by appellant and those found near there leading from the schoolhouse to indicate that they were made by the same shoes, or that would distinguish them from a track made by any other shoe of the same number and pattern.

Appellant denied that he set fire to the building and testified that he had no knowledge that it had burned until the next morning; that he never left his premises at any time during the night but sat up until after 12 o'clock with his sick child. In this he was corroborated by two of his sisters who went to his home early in the evening and remained until after 12 o'clock.

In Pardue v. Commonwealth, 227 Ky. 205, 12 S. W. (2d) 288, 289, it is said:

"While it is true that one may be convicted on circumstantial evidence, such evidence must do more than point the finger of suspicion at the accused."

This is quoted with approval in the case of Hardy v. Commonwealth, 248 Ky. 77, 58 S. W. (2d) 237. In Bright v. Commonwealth, 235 Ky. 781, 32 S. W. (2d) 351, it is said in effect that a conviction may be sustained on circumstantial evidence alone when it fairly and reasonably imports guilt, but in a great number of cases it has been held that circumstantial evidence to sustain conviction must be so unequivocal and incriminating as to exclude every reasonable hypothesis of

innocence. Baird v. Commonwealth, 241 Ky. 795, 45 S. W. (2d) 466; Young v. Commonwealth, 245 Ky. 117, 53 S. W. (2d) 206; Neal v. Commonwealth, 245 Ky. 272, 53 S. W. (2d) 572; Bullock v. Commonwealth, 249 Ky. 1, 60 S. W. (2d) 108, 94 A. L. R. 407; Davidson v. Commonwealth, 252 Ky. 354, 67 S. W. (2d) 486, and cases cited in those opinions. It has also been held that circumstantial evidence as reasonably consistent with innocence as with guilt is insufficient to sustain conviction. Bullock v. Commonwealth, supra; Sloan v. Commonwealth, 258 Ky. 461, 80 S. W. (2d) 553; Helton v. Commonwealth, 242 Ky. 386, 46 S. W. (2d) 487.

In Davidson v. Commonwealth, supra, the three appellants had been convicted of storehouse breaking. The evidence disclosed that a store had been broken into and automobile casings, socks, and other merchandise and money had been taken therefrom. On the floor of the store and on the ground outside the window by which the store had been entered there were imprints of tennis shoes of two different sizes. These tracks were followed to a tree where it appeared two horses had been hitched and there the tennis shoe tracks disappeared, but the horses were tracked from there to a place beyond where any of appellants lived. Witnesses testified that they were able to track the horses because of the way they were shoed and the peculiar imprint made by the feet. The horses were located, one at the home of the father of one of the appellants and the other at the home of another, a short distance away. On the farm of the father of appellant were found some wrappings from an automobile tire which the storekeeper testified were similar to wrappings on tires which he handled. There was evidence that, on the evening before the store was broken, some of appellants were seen wearing tennis shoes and that these tracks looked like other tracks referred to in evidence. The opinion referred to the rule respecting the sufficiency of the circumstantial evidence as set out in the foregoing cases and held that the evidence was purely circumstantial and not sufficient to sustain a conviction. It will be noted that the showing made in the Davidson Case was much stronger than that of the present case.

The conclusion is inevitable that the evidence of the tracks, when coupled with the meager evidence concerning feelings between appellant and the family of

the teacher of the school, even if the latter be treated as competent, is not sufficient to sustain a conviction. It amounts to nothing more than a very slight basis for suspicion, and we are therefore constrained to hold that the court erred in not sustaining appellant's motion for a peremptory instruction. The insufficiency of the evidence is frankly admitted in brief for Commonwealth.

Wherefore the judgment is reversed for proceedings consistent with this opinion.