# Shepherd v. Commonwealth.

Jan. 30, 1942.

B. M. James for appellant.

Hubert Meredith, Attorney General, and H. Appleton Federa, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

The appellant, Willie Shepherd, appeals from a judgment sentencing him to the penitentiary for the burning of the barn of John Hughes. The principal contention on the appeal is that a verdict of not guilty should have been directed for appellant.

The barn burned about 11 o'clock on the night of March 17, 1940. On that day John Hughes had been to Bosco to attend a trial in the Magistrates' court. Apparently Marion Hughes, John's son, had accused Will Marsilett, Will Shepherd and his two brothers of taking his dog and the trial was in connection with this matter. John Hughes testified that on that day he overheard appellant say that it would cost him (John Hughes) "several dollars more than this dog trial would be worth." Another witness testified that she heard appellant's wife and Mrs. Marsilett say "the old thing will not make nothing by this, he will only lose more than he makes."

The evidence discloses that in returning home appellant and Willie Marsilett and their wives took a roundabout way which carried them by the barn in controversy. The two couples were riding double on a mule and a spotted pony. Appellant stated to officers, and also testified, that he arrived at his home about 9 o'clock that night.

There was no evidence as to any circumstances or conditions in the immediate neighborhood of the barn indicating that the fire was of incendiary origin. However, on the morning after the fire a deputy sheriff found a place on the road about 600 yards from the barn where there were some mule tracks made by a mule that had apparently been hitched at that point. At the same place he found a piece of cloth. Several witnesses testified that this piece of cloth was similar to one they saw on appellant's mule the day of the fire. The cloth, they said, was used to spread over the mule for appellant and his wife to sit on. Hargis Hale who lived several miles from the barn testified that he heard people going by his house about 3 o'clock in the morning after the fire and that he believed there were women in the crowd. He further stated that he took one of the voices to be Willie Shepherd's voice and further that he "took it to be his wife behind him." On cross-examination he concluded his testimony by saying "I would not swear it was them." A neighbor of Hales' testified that he heard voices of people passing up the road about the same time. Daniel Hughes, a relative of John's, testified that he saw two men and two women about two miles above the mouth of Pitt's Fork going in the general direction of the barn that night. This was at a point some five or six miles from the barn. This witness admitted he was drinking heavily.

The foregoing testimony is all that even tends to point the finger of suspicion at appellant and in our opinion it was clearly insufficient to justify his conviction. While it is true that a conviction may be had on circumstantial evidence alone, such evidence must reasonably import guilt and must be so unequivocal and incriminating as to exclude every reasonable hypothesis of innocence. Hays v. Com., 270 Ky. 561, 110 S. W. (2d) 279, and cases therein cited. The evidence in this case was far from measuring up to this standard. Considered in the most favorable light, it was a bare scintilla which, under the rule announced in Nugent v. Nugent's Ex'r, 281 Ky. 263, 135 S. W. (2d) 877, and Carpenter v. Com., 287 Ky. 819, 155 S. W. (2d) 240, was insufficient to justify a submission to the jury.

Judgment reversed, with directions to grant the appellant a new trial and for further proceedings consistent with this opinion.