Dallas Wayne **BOWLING**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

Nov. 14, 1958.

Isaac Turner, Hyden, for appellant.

Jo M. Ferguson, Atty. Gen., William L. Brooks, Asst. Atty. Gen., for appellee.

MONTGOMERY, Judge.

Dallas Wayne Bowling and Raymond Woods were indicted jointly and charged with unlawfully having carnal knowledge of Verna Dean Adams, a female over twelve years of age, against her will and without her consent. KRS 435.090. Bowling was convicted on a separate trial and received a sentence of ten years' confinement in the state reformatory.

The decisive issue on the trial was the question of consent. On appeal, Bowling urges that the evidence as to the circumstances of the commission of the offense was such as to destroy the probative value of the evidence given by the prosecuting witness. Hence, it is insufficient to sustain the verdict.

Verna Dean was baby-sitting at the Wanda Helton home about six miles from Hyden on Saturday night, February 7, 1958. The prosecuting witness was then fifteen years of age.

Bowling and Woods, each seventeen years old, stopped in a car in front of the Helton home. According to Verna Dean's testimony, she went out to the car at their request. Upon the return of Mrs. Helton, she went back into the house. The parties drove away. Verna Dean had known Woods but was not acquainted with appellant.

About twenty or thirty minutes later, the boys returned. At their request, Verna Dean went out to the car. She did not wear a coat. The boys wanted to talk to her about Jessie Dean, Woods' girl friend. Verna Dean got into the car. She said they drove off against her wishes.

According to Verna Dean, appellant "tried to mistreat" her. Later, while descending Stinnett Hill, the car became stalled in the ruts in the road. The place where it stopped was not "in hollering distance or in sight of any house". The three remained there in the car all night. During that time, Verna Dean testified, she was forced to get on the rear seat of the car under threats made by Woods with a knife. She said that she was forced to submit to appellant and then Woods, twice each, alternately. Appellant and Woods both testified that Verna Dean submitted willingly. Each of them said that Woods had intercourse with her first. They denied having a knife or making any threats.

When called in rebuttal, Verna Dean said that appellant and Woods had been drinking and had a small amount of liquor with them. She did not drink any.

Curtis Napier and his brother also had car trouble a short distance away. Curtis testified that appellant came to his car about 5 a. m., and sought help. The Napier boys went with appellant but were unsuccessful in moving the stalled car. They stayed in the car with appellant, Woods, and Verna Dean for about an hour. Curtis testified that there was no trouble and Vern Dean complained only of "freezing".

Shortly after daylight, Verna Dean left Woods and appellant. She walked over the hill until she came to the home of Edmond Osborne, whom she asked to help her get home. About 11 o'clock in the morning, Woods came to Osborne's home. After he left, Verna Dean admitted to Osborne that she had been out with Woods but asked him not to tell it. Osborne took her home that afternoon. Her foster mother testified that the zipper on Verna Dean's skirt was torn when she got home.

Appellant relies on Carter v. Commonwealth, 245 Ky. 257, 53 S.W.2d 521, 522, wherein the Court said:

"* * * it is the province of the court to determine whether there is any evidence to support a case or any particular theory of a case, and in so doing to reject any alleged statement of facts inherently impossible and wholly at variance with universally recognized laws. * * *"

 It also was pointed out in the Carter case that it is within the peculiar province of the jury to determine the credibility of the witnesses and the weight to be given their testimony, and in the exercise of that function they may believe one witness though contradicted by a number of others, or one set of witnesses to the exclusion of others. Whitaker v. Commonwealth, Ky., 302 S.W.2d 601; Jones v. Commonwealth, 313 Ky. 827, 233 S.W.2d 1007; Lucas v. Commonwealth, 311 Ky. 644, 225 S.W.2d 103. It is not the function of this Court to retry such cases.

There may be evidence in this case which, if believed, would cast grave doubt on the testimony of the prosecutrix; yet, it cannot be said that the facts here are inherently impossible and wholly at variance with universally recognized laws. There was sufficient evidence to sustain the verdict.

About forty-five days after appellant was convicted, the prosecutrix and her foster mother made affidavits in which they expressed a willingness for appellant to have a new trial or to be placed on probation. These affidavits have no proper place in this record and cannot be considered by this Court.

Judgment affirmed.