**Orville Clifton LONG, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 26, 1965.

David Kaplan, Stuart Lyon, Louisville, for appellant.

Robert Matthews, Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellee.

WILLIAMS, Judge.

The appellant, Orville Clifton Long, was indicted for the crime of storehouse breaking and was found guilty by a jury in Jefferson County. From a judgment sentencing him to two years in the State Penitentiary he has prosecuted this appeal.

On the 17th day of December, 1964, there was a break-in at the Fulton Fish Market, in Louisville. A Sonic Guard system detected the break-in and the police were alerted. Upon arrival at the Fulton Fish Market one of the police officers saw appellant climbing over a high fence on the premises. Appellant fled, was pursued by the police officers, and captured.

Appellant alleges the evidence was insufficient to sustain a conviction for

storehouse breaking because it failed to show a break-in. But he was seen inside the fence and was apprehended while attempting an escape. A window had been broken, a safe had been moved into the middle of the floor, and burglar tools were found on the premises. That evidence was so unequivocal as to exclude every reasonable hypothesis of innocence. Circumstantial evidence alone is sufficient to sustain a conviction. Turner v. Commonwealth, Ky., 328 S.W.2d 536 (1959).

 No objection was made to the instructions given by the court, nor was an objection raised concerning the instructions in appellant's motion for a new trial. So being, he cannot now complain of an alleged error in the instructions. Hartsock v. Commonwealth, Ky., 382 S.W.2d 861 (1964).

We find no error in the case.

The judgment is affirmed.