Charles Dorian BRADEN, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Court of Appeals of Kentucky.

May 19, 1978.

Jack Emory Farley, Public Defender, Com. of Ky., M. Gail Robinson, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., Carl T. Miller, Jr., Asst. Atty. Gen., Frankfort, for appellee.

David L. Armstrong, Com. Atty., 30th Judicial Dist., Geoffrey P. Morris, Asst. Com. Atty., Career Crim. Div., Louisville, for intervening appellee.

Before MARTIN,[1] C. J., and HAYES[2] and WINTERSHEIMER, JJ.

HAYES, Judge.

The Jefferson County Grand Jury on June 23, 1976, indicted Charles Dorian Braden, alias Norman Alonzo Braden, for theft by unlawful taking over $100.00 (KRS 514.-030); receiving stolen property over $100.00 (KRS 514.110); possession of burglar's tools (KRS 511.050), and as a persistent felony offender (KRS 532.080). The alleged acts constituting violations of KRS 514.030 and KRS 511.050 took place on May 11, 1976. The persistent felony offender count of the indictment alleges a prior felony conviction for storehouse breaking in Jefferson Circuit Court in April, 1964, and a conviction of second degree burglary by the Alabama Circuit Court in 1969.

A bifurcated trial was permitted by the trial judge. The trial of the violations of Kentucky Revised Statutes 514 and 511, held on April 1, 1977, resulted in a jury verdict of guilty for theft by unlawful taking over $100.00 and for possession of burglar's tools. Braden was tried before a different jury on the persistent felony offender charge on May 4, 1977, and was found guilty. He was sentenced to fifteen (15) years in accordance with this jury verdict.

From the date of indictment to this appeal, Braden has had, according to the record, five (5) attorneys. He was also granted permission by the trial court to act as co-counsel on his own behalf. He has filed numerous, expertly drawn motions on his own behalf. He now complains of ineffective assistance of counsel and numerous other issues.

Braden's fifth appointed attorney, the State Public Defender, asserts, in an unnecessarily long brief (32 pages), nine (9) errors committed by the trial court. They are: (1) the "search" of appellant's auto was illegal; (2) appellant's statement to the arresting officer was illegally obtained and therefore improperly admitted into evidence by the trial court; (3) the prosecutor's remarks in opening and closing statements before the jury were improper; (4) the prosecution failed to prove the CB radio allegedly taken was worth over $100.00 in value; (5) the prosecution failed to prove the necessary

---

**1.** Chief Judge Boyce F. Martin, Jr., sitting by special designation, motion objecting under SCR 1.030(7)(b) having been denied.

**2.** Motion by Public Defender to disqualify Judge John P. Hayes was denied.

elements of possession of burglary tools; (6) the prosecution failed to prove the elements of appellant being a persistent felony offender; (7) the trial court failed to instruct properly on the persistent felony offender offense, and erred in failing to give instructions tendered by appellant; (8) ineffective assistance of counsel; and (9) the trial court failed to follow KRS 532.050 and *Brewer v. Commonwealth*, Ky., 550 S.W.2d 474 (1977), during the sentencing procedures.

A short recitation of the facts are necessary. Officer R. Morris of the Jeffersontown Police Department was parked in his police cruiser on Interstate 64 near the Bluegrass Industrial Park in Jeffersontown, Kentucky. At about 4:00 a. m. he saw the appellant approach I-64 from the industrial park, climb a fence and walk across the four laned I-64 to a parked station wagon. Braden was carrying a CB radio with the microphone hanging down toward the ground. Braden placed this in the rear of the station wagon, got in the car, and began to pull away.

Officer Morris immediately pulled his cruiser, with blue lights flashing, behind Braden's car and pulled him over. Morris approached the station wagon and asked Braden for his driver's license. Braden produced an instruction permit. He had no other license. He was placed under arrest at this time for not having a valid operator's license. Officer Morris walked to the rear of the station wagon and saw the CB radio lying on the spare tire in the rear of the wagon.

The officer also saw, from outside the vehicle where he was standing, two pry bars, a flash light, wire cutters, a pair of vise grips and a straightened coat hanger on the front seat next to Braden, who was alone.

When asked by Officer Morris why he was coming from an industrial complex at 4:00 a. m. when all the offices were closed, Braden stated he was having carburetor trouble. He also stated he "wanted to see his attorney." Officer Morris later determined the CB radio had been stolen from a truck parked at the industrial complex. It was identified by the owner, who testified its value to be about $125.00.

■ The appellant's first contention of error has no merit since there was no "search" that took place in this case. All the instruments and fruits of the crimes were in plain view of the arresting officer and were by no means the constitutionally prohibited unreasonable search akin to the searches outlined in cases cited by the appellant in his brief. The case of *Commonwealth v. Hagan*, Ky., 464 S.W.2d 261 (1971), is controlling.

As to alleged error number two, we fail to perceive how the statement made by Braden, after being informed of his constitutional rights, could have had any effect on the jury, much less be prejudicial to the appellant. This alleged error is entirely without merit.

■ The prosecutor in his opening statement to the jury stated, "the grand jury has found probable cause back in June of last year". No objection was made by appellant or his counsel; therefore this issue is not properly before this court. *Stewart v. Commonwealth*, Ky., 561 S.W.2d 660 (1977). Furthermore, we do not believe the statement to be error. This was said during *opening* statement and the defense, having the last opening statement, could have elaborated on this remark, if they wished.

■ In his closing statement the prosecutor asked for a conviction, said he personally believed the defendant to be guilty, and characterized the appellant as a "crook". We fail to find any place in the record where any objection was ever made to this line of argument. It has not been preserved for our review. *Stewart, supra.*

■ Was there sufficient evidence presented as to the value of the CB radio to take the case to the jury under KRS 514.-030? We believe so. The appellant cites *Perkins v. Commonwealth*, Ky., 409 S.W.2d 294 (1966), for the proposition that the Commonwealth has the duty to establish the market value at the time and place of

the theft. We agree. The Commonwealth did fulfill its duty.

■ The appellant next contends the prosecution failed to prove the requisite intent on the possession of burglary tools charge. The fact that the appellant was seen putting the stolen radio into his station wagon along with the Commonwealth's proof that the truck from which the radio was stolen, had been broken into by forcing the latch on the wing window, was ample proof of intent. The commentary to the final draft of the Penal Code on KRS 511.-050 states:

> Two other points should be mentioned with regard to this provision. The first is that the mens rea element is satisfied by a showing that the possessor of the tools had a general intention to use them for the proscribed purposes. It is not necessary to prove that he intended to use them for a particular criminal act. The second is that this offense is intended to be broad enough to cover the possession of instruments designed, adopted, or commonly used for the purposes of stealing or breaking into motor vehicles. In this latter respect it is consistent with most of the modern codes.

Appellant next contends the prosecutor failed to prove the elements of the offense of being a persistent felony offender. The Attorney General confessed error in his brief. The Commonwealth Attorney who prosecuted the case, in an intervening brief on this point, says the Attorney General and appellant are both wrong on this issue. What were the facts as supported by the record?

The Commonwealth proved by competent testimony that:

(1) Norman Braden, whose birth date is also June 30, 1937, and which name is included on the indictment in Jefferson County, Kentucky, as an alias for appellant, was convicted and imprisoned in Alabama for a felony in 1969 based on a warrant issued in 1968.

(2) It was stipulated between the parties that Charles Braden, born on June 30, 1937,

was convicted of a felony and sentenced to two years imprisonment in Jefferson County, Kentucky, Circuit Court in 1964, for a crime committed by Braden in 1961.

■ The appellant did not testify. The Attorney General "confesses" the Commonwealth did not prove the appellant had been imprisoned in Alabama as required by KRS 532.080 (effective January 1, 1975). He rightly asserts that the June, 1976 amendment to KRS 532.080 eliminates this requirement. We believe the Commonwealth adequately proved imprisonment on the Alabama judgment. The Court records speak for themselves. Both the Alabama record and the Kentucky record recited that the appellant was sentenced to imprisonment. We are of the opinion that no other proper and reasonable conclusion may be drawn from the official court records.

Since the last offense for which Braden was convicted was committed after January 1, 1975, and before June, 1976, the January, 1975 statute would apply. At that time KRS 532.080 required the Commonwealth to prove that the appellant stood presently convicted of a felony; that he was over age twenty-one (21) at the time of his latest conviction; that appellant received a sentence of one year or more in prison for each of his two previous convictions; his imprisonment on each of the prior felonies was prior to the commission of the present felony; appellant was over age eighteen (18) when he committed the prior felonies; and he did not serve concurrent or consecutive terms of imprisonment for the two previous felonies.

■ As to the identity question, when the Commonwealth proved the same names (with the exception of a variance in the middle initial of the alias) and the same birth dates, a prima facie case was made, and as held in *Jones v. Commonwealth*, Ky., 457 S.W.2d 627 (1970), a prima facie case having been established, the burden was on Braden to show that he was not the person who was previously convicted. Braden did not testify and offered no proof at either trial.

There is no question but that the proper ages were proven and appellant concedes this in his brief.

Under the facts presented, it would have been an impossibility for the two year sentence in 1964 in Kentucky, and the five-year sentence in 1969 in Alabama to have been committed after his present conviction. It would also be impossible for the two previous felonies to have been served concurrently or to have been uninterrupted consecutive terms.

The appellant moved for a directed verdict at the close of the Commonwealth's case because no proof was entered to this jury that Braden had been convicted some weeks previously by a different jury for theft of the CB radio. The court included this felony in its instructions, which was sufficient. That conviction was a fact already proved once before the same trial court. The burden on the Commonwealth would be no different had the trial not been a bifurcated one and the same jury returning the conviction on the theft of the CB radio also heard the persistent felony offender offense.

■ The instructions given by the trial court on the persistent felony charge are substantially verbatim from *Palmore Kentucky Instructions to Juries*, Volume 1. The only difference was that the trial court did not include the instruction that some part of Braden's sentences on the prior felonies were actually served in prison. However, the uncontradicted proof was that he was imprisoned on both prior felonies. The instructions given, when considered as a whole, submitted the law applicable to the facts in a form capable of being clearly and easily understood by the jury. *Turner v. Commonwealth*, Ky., 328 S.W.2d 536 (1959).

■ The tendered instructions by the appellant were pertaining to a presumption of innocence, indictment not evidence, circumstantial evidence, jury deliberation and hung jury. There is no law in Kentucky permitting such instructions that we are aware of and appellant cites none. In fact, special instructions in a criminal case are not permitted. *Palmore Kentucky Instructions to Juries*, § 1.114.

■ We believe appellant's contention that he received ineffective assistance of counsel to be totally without merit. He was permitted to be co-counsel by order of the court. The record indicates he actually made objections on his own behalf and that he and his appointed counsel efficiently and vigorously represented the defense.

■ Lastly, did the trial court follow the proper sentencing procedure per KRS 532.050? The answer is yes. In this case the trial court informed the appellant of the contents of the presentencing report, considered the report and overruled the appellant's motion to probate. In fact, under the law at the time of sentencing the trial court could do nothing but sentence the appellant to the penitentiary, regardless of what was in the report. KRS 532.080. The law further requires the defendant to ask for an opportunity to controvert the contents of the report. KRS 532.050. This record indicates no such request by Braden.

The judgment is affirmed.

All concur.