Parramore Lee SANBORN, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 96–SC–939–MR.

Supreme Court of Kentucky.

June 18, 1998.

As Modified on Denial of Rehearing Oct. 15, 1998.

906

Randall L. Wheeler, Karl Keys, Assistant Public Advocates, Department of Public Advocacy, Frankfort, for appellant.

A.B. Chandler, III, Attorney General, Connie Vance Malone, David A. Smith, Assistant Attorney General, Ian G. Sonego, Susan Roncarti, Assistant Attorneys General, Criminal Appellate Division, Frankfort, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a denial of a RCr 11.42 motion seeking the vacation of the murder, kidnapping, rape and sodomy convictions and the sentence of death for the murder and 95 years for the kidnapping, rape and sodomy.

The questions presented are whether the trial judge prejudged Sanborn's ineffective assistance of counsel claims; whether Sanborn was denied meaningful preparation and presentation of the issues in his RCr 11.42 proceeding; whether the circuit court, or this Court, denied him a meaningful process for the development and presentation of issues; whether governmental misconduct rendered his conviction and death sentence unreliable and denied him the constitutional right of due process and a fair trial; whether there was juror misconduct; whether Sanborn's trial counsel was ineffective; whether the death sentence was constitutionally inappropriate; whether there was cumulative error and whether the page limitation on this appeal denied him effective assistance of counsel.

This Court reversed Sanborn's first conviction in Sanborn v. *Commonwealth,* Ky., 754 S.W.2d 534 (1988), but subsequently affirmed the conviction and sentences which followed his second trial in *Sanborn v. Commonwealth,* Ky., 892 S.W.2d 542 (1994). He now appeals the denial of his RCr 11.42 motion.

Sanborn committed the crimes of which he was convicted on the night of October 12, 1983 or during the early morning hours of the following day. He abducted the female victim from her home in Henry County where she lived with her husband and three children. He attacked her, raped her, sodomized her and stabbed her numerous times. Her body was found a few miles from her home. At his second trial, the jury found Sanborn guilty of intentional murder, kidnapping, first-degree rape and first-degree sodomy. The jury fixed a sentence of death for the intentional murder and 95 years on each of the noncapital offenses. The trial judge approved the death sentence and ordered the other sentences to run consecutively for a total of 285 years. This Court affirmed the second conviction and the U.S. Supreme Court denied certiorari in *Sanborn v. Kentucky,* 516 U.S. 1034, 116 S.Ct. 687, 133 L.Ed.2d 534 (1995). Subsequently, the circuit court held an evidentiary hearing regarding the RCr 11.42 motion of Sanborn. After the hearing was concluded, the circuit judge denied the RCr 11.42 motion.

■ We believe it is prudent to set out the standard of review of claims raised in a collateral attack under RCr 11.42. Such a

motion is limited to issues that were not and could not be raised on direct appeal. An issue raised and rejected on direct appeal may not be relitigated in these proceedings by claiming that it amounts to ineffective assistance of counsel. *Brown v. Commonwealth,* Ky., 788 S.W.2d 500 (1990); *Stanford v. Commonwealth,* Ky., 854 S.W.2d 742 (1993).

■■■ An evidentiary hearing is not required about issues refuted by the record of the trial court. *Stanford, supra.* Conclusionary allegations which are not supported by specific facts do not justify an evidentiary hearing because RCr 11.42 does not require a hearing to serve the function of a discovery deposition. *Stanford.* When the trial court conducts an evidentiary hearing, the reviewing court must defer to the determinations of fact and witness credibility made by the trial judge. *McQueen v. Commonwealth,* Ky., 721 S.W.2d 694 (1986); *Commonwealth v. Anderson,* Ky., 934 S.W.2d 276 (1996); *McQueen v. Scroggy,* 99 F.3d 1302 (6th Cir. 1996).

## I

■■■ The circuit judge did not prejudge Sanborn's claim of ineffective assistance of counsel. The judge stated that he would consider any evidence presented at the hearing before making a final determination. Sanborn had sought to disqualify Special Judge Shadoan who had presided over the retrial and served as the judge in the RCr 11.42 proceeding. To support his claim, he offers certain statements by the circuit judge in which he both praised and criticized the performance of the Department of Public Advocacy counsel.

The statements are inconsistent and certainly do not indicate any prejudgment. The Chief Justice of this Court denied the motion to recuse Judge Shadoan. The statements of the circuit judge clearly demonstrate that he was applying the standards set out in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The comments by the judge do not provide a legal basis to disqualify him from reviewing the motion. This Court has adopted standards for disqualification in *Marlowe v. Commonwealth,*

Ky., 709 S.W.2d 424 (1986), which parallel those enunciated by the United States Supreme Court in *Liteky v. United States,* 510 U.S. 540, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

## II

■■■ Sanborn was not denied meaningful preparation or presentation of issues in his RCr 11.42 proceeding. Sanborn and his counsel had sufficient time in which to prepare appropriate issues for the RCr 11.42 motion. His conviction was affirmed in all respects on October 27, 1994; on October 2, 1995, the U.S. Supreme Court denied certiorari. The Governor signed a death warrant on January 3, 1996 which was 122 days after the denial of certiorari. On January 26, 1996, six days before the scheduled February 1, 1996 execution, the Supreme Court entered an order granting Sanborn a 60–day stay of execution. On March 26, 1996, the very date on which the temporary stay of execution was to expire, Sanborn filed this motion. The evidentiary hearing was conducted on August 12 and 13, 1996. Sanborn had more than ten months to file the necessary motions to prepare for an evidentiary hearing.

Pursuant to RCr 9.04, counsel for Sanborn were unable to identify any witnesses or evidence or claims that with any degree of specificity would have been able to present had they been granted a postponement of the hearing.

The complaint by Sanborn that he was not provided with funding before the filing of his RCr 11.42 motion is without merit. The circuit court does not have jurisdiction regarding pre-RCr 11.42 motions. *Bowling v. Commonwealth,* Ky., 926 S.W.2d 667 (1996).

## III

■■■ Neither the circuit court, nor this Court, denied Sanborn a meaningful process for the development and presentation of his issues. There is no authority to support ex parte motions for hearings for expert funding in a RCr 11.42 proceeding. *Ake v. Oklahoma,* 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985), is not a post-conviction

case. The issue in that case related to the preparation of a trial defense and the right to access to psychiatric examination. It does not apply to every matter relating to the funding of experts for indigent defendants at every stage of a criminal case. *See Baze v. Commonwealth,* Ky., 965 S.W.2d 817 (1997).

■ The allegations that the DPA policy requiring a court order for the release of funds for experts and the fact that there is no jurisdiction for pre-RCr 11.42 motions, thereby compelling him to file an inadequate motion are without merit. Initially we must observe that the purpose of an RCr 11.42 motion is to provide a forum for known grievances and not an opportunity to conduct a fishing expedition for potential grievances. *See Gilliam v. Commonwealth,* Ky., 652 S.W.2d 856 (1983).

■ The Court ordered the DPA to pay $1,000 for the assistance of an investigator and they chose to spend that sum to have the trial record reviewed. The claim by Sanborn that RCr 7.24 authorizes discovery in this proceeding is erroneous. RCr 7.24 relates to pretrial discovery, not discovery in a post-conviction situation. Moreover Sanborn failed to make any specific showing of the materiality as required by RCr 7.24(2).

The complaint by Sanborn about lack of access to the disciplinary file of the Kentucky Bar Association relating to Commonwealth Attorney Bruce Hamilton was raised on direct appeal. This issue may not be relitigated by means of a RCr 11.24.

The circuit judge did not abuse his discretion by denying defense counsel the right to raise issues that could have been and might have been raised on direct appeal. The Sanborn motion raised a number of issues other than ineffective assistance of counsel and those claims were devoid of specific facts as required by the rule and were lacking in any factual basis to establish why such claims could not have been raised on direct appeal.

■ The decision by the circuit judge to review one box of Sanborn's trial attorneys' files and materials and to allow the Commonwealth to review those materials was not error because Sanborn made claims of ineffective assistance of counsel thereby waiving

the attorney-client privilege and the work product privilege. *See State v. Taylor,* N.C., 327 N.C. 147, 393 S.E.2d 801 at 806–7 (1990); *Gall v. Commonwealth,* Ky., 702 S.W.2d 37 (1985). The circuit judge reviewed the files in order to determine that there was nothing that the Commonwealth should not have been able to see. The Commonwealth did not receive access to the files until 19 minutes before the hearing ended. Under all the circumstances, the error if any was totally harmless and Sanborn does not show how his collateral attack was prejudiced in any manner.

IV

■ Sanborn presents a general complaint of governmental misconduct relying on the requirements that the government disclose exculpatory evidence or information which was first adopted by the United States Supreme Court in *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

The contentions raised by Sanborn refer to matters that were known to defense counsel prior to or at the time of retrial and therefore should have been raised on direct appeal rather than at this time under a RCr 11.42 motion. Defense counsel were aware of the alleged matters at the time of retrial and the prosecution cannot be said to have withheld the information. *Cf United States v. Payne,* 63 F.3d.1200 at 1208 (2d Cir.1995); *Barnes v. Thompson,* 58 F.3d 971 at 975 (4th Cir.1995); *Mills v. Singletary,* 63 F.3d 999 at 1014–1016 (11th Cir.1995).

The audio tapes of interviews of witnesses that the Commonwealth Attorney claimed to have destroyed were subsequently found and made available to the defense at the retrial. The jury was told that the organic material from the victim's body was not preserved. The jury heard the testimony about the significance of the leaves and the jury heard of the defendant's various inconsistent stories about who killed the victim. The evidence that Sanborn intentionally killed the victim was overwhelming.

The allegation that the Commonwealth failed to reveal that the state police murder investigation was still on-going is without

merit. There was no evidence that the police were continuing their investigation. Sanborn's assertion that his statements to the police violated his privilege against self-incrimination is a matter for direct appeal. Sanborn's claim that his counsel on retrial was forced to choose a constitutionally deficient defense, extreme emotional distress, because the Commonwealth failed to turn over potentially exculpatory evidence is without merit. The argument concerning Dr. Van Stockum's absence at retrial was raised on direct appeal and cannot be raised now. The arguments Sanborn now presents are contradicted by the record on retrial, are not properly proved at the RCr 11.42 hearing and should have been raised on direct appeal from the trial or retrial or they were raised and rejected by the court.

## V

■ The arguments by Sanborn regarding alleged juror misconduct were not sufficient to warrant an evidentiary hearing and are conclusionary. This Court has held that not every incident of alleged juror misconduct is sufficient to justify a new trial. *Haight v. Commonwealth*, Ky., 938 S.W.2d 243 (1996). The United States Sixth Circuit has held that not every allegation of juror misconduct is sufficient to warrant a post-trial hearing. *United States v. Frost*, 125 F.3d 346 at 377 (6th Cir.1997). *Tilley v. Bell*, Ky., 479 S.W.2d 901 (1972), held that a party alleging misconduct by the jury must present that allegation to the trial judge promptly as soon as it has been discovered.

The allegation by Sanborn about jurors discussing the case prior to the close of evidence lacks specificity and does not indicate when, where or among whom such alleged discussion took place or who provided such information to counsel. There are no specific facts as required by RCr 11.42(2) to support such an allegation. Such a conclusionary allegation is not sufficient to require an evidentiary hearing. *See Leslie v. Egerton*, Ky., 445 S.W.2d 116 (1969).

The assertion by Sanborn that one of the jurors fell asleep during the trial lacks any specific facts to support the claim as required by RCr 11.42(2). He does not indicate which juror, when or how this occurred and why this was not reported to the trial judge at the time. His citation to authority is unconvincing. The United States Supreme Court has rejected the argument that a trial court must automatically hold a post-trial hearing regarding a post-trial allegation that some of the jurors fell asleep during trial. *Tanner v. United States*, 483 U.S. 107, 107 S.Ct. 2739, 97 L.Ed.2d 90 (1987).

## VI

■ Appellate counsel for Sanborn, an Assistant Public Advocate of the Department of Public Advocacy, argues that the trial counsel, also an Assistant Public Advocate, and Sanborn, were abandoned by the Department of Public Advocacy. Thus, he contends that trial counsel was ineffective in contravention of state and federal constitutional guarantees. This undermining of the defense by the Department of Public Advocacy has been a persistent theme in this case. We find it unconvincing. An exhaustive review of the materials presented indicates that Sanborn's counsel was constitutionally effective. "A defendant is not guaranteed error-less counsel, or counsel adjudged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance." *McQueen v. Commonwealth*, Ky., 949 S.W.2d 70 (1997).

In reviewing an ineffectiveness claim, the court must consider the totality of the evidence before the judge or jury at trial and assess the overall performance of counsel throughout the case in order to determine whether the identified acts or omissions overcome the presumption that counsel rendered reasonably professional assistance. *Strickland.* On collaterally attacking his conviction or sentence, the movant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the trial would have been different. *Strickland* at 694, 104 S.Ct. 2052. Our exhaustive review of the records involved here do not indicate that this standard is applicable.

■ The mere fact that DPA might have provided additional trial counsel is not a basis for claiming ineffective assistance of coun-

sel. *McQueen, supra.* The record indicates that Tustaniwsky had help from other DPA attorneys and had the benefit of trial preparation and trial work of two additional counsel as well as the first trial transcript. The allegation that the original investigator had a conflict of interest is not supported. The complaint that trial counsel should have investigated an alternative suspect is not supported by anything in the record or evidence before the court. There were no other suspects to investigate. The physical and circumstantial evidence connecting Sanborn to the killing was overwhelming.

■ Sanborn's claim that his counsel failed to use crucial defense experts fails to specify how any testimony would have changed the outcome of the trial. None of the cases cited by Sanborn require that he receive expert assistance simply for a fishing expedition. *Ake v. Oklahoma,* 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985), does not require that the trial court appoint experts on demand merely because it is a death penalty case. *McDonald v. Bowersox,* 101 F.3d 588 at 593–594 (8th Cir.1996); *Brewer v. Reynolds,* 51 F.3d 1519 at 1528–1531 (10th Cir.1995); *Weeks v. Jones,* 26 F.3d 1030 at 1041 (11th Cir.1994).

■ Sanborn's complaint that his assistant trial attorney had a conflict of interest because she took the prosecutor's jury notes was raised on direct appeal and rejected by this Court. *Sanborn v. Commonwealth,* Ky., 892 S.W.2d at 547–549. The complaint that Sanborn had a poor relationship with Tustaniwsky which prevented meaningful trial preparation should have been raised on direct appeal. The Sixth Amendment right to counsel does not guarantee a meaningful relationship between defendant and counsel. *Morris v. Slappy,* 461 U.S. 1, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983).

■ We reject Sanborn's ineffective assistance of counsel claim based on his assertion that counsel failed to obtain a waiver of presumption of innocence. His counsels' limited concessions, in which there was overwhelming evidence anyway, were made in order to argue for lesser-included offenses in an attempt to avoid the death penalty. Such concessions were reasonable trial strategy at the time counsel made that decision. *Cf. Clozza v. Murray,* 913 F.2d 1092 at 1098–1102 (4th Cir.1990); *United States v. Wilks,* 46 F.3d 640 at 644 (7th Cir.1995).

■ Sanborn claims that Tustaniwsky failed to prepare for the introduction of extreme emotional disturbance. The record refutes such an allegation. It demonstrates that defense counsel sent the accused to Dr. Johnson for evaluation and obtained a court order requiring Dr. Johnson's presence at Dr. Skelton's interviews. This indicates that he did make necessary preparation. Strategic decisions in connection with pretrial rulings on admissibility are not sufficient to establish an ineffective assistance claim. *See Strickland.*

■ Sanborn's claim that his counsel rendered ineffective assistance by conceding that Johnson's opinion concerning a triggering event was based solely on conversations with him and was unsupported by other evidence lacks merit. Dr. Johnson testified that there was nothing to support Sanborn's claim that the victim said something to him to trigger his anger other than what Sanborn himself had said. The constitutional right to effective assistance of counsel does not require counsel to present false testimony or make false statements to the court regarding testimony. *Nix v. Whiteside,* 475 U.S. 157, 106 S.Ct. 988, 89 L.Ed.2d 123 (1986). The trial judge recognized that Dr. Johnson was a qualified forensic psychologist who had vast experience and testified frequently in criminal cases for all levels of inquiry. Certainly counsel for Sanborn was not ineffective for using one of the most experienced forensic psychologists as a defense witness at trial.

Appellate counsel's performance is not a subject for an RCr 11.42 motion. The complaint about an alleged lack of investigation by counsel who represented him at the first trial is without merit because he was awarded a second trial by this Court. The challenge to the proper county for indictment is a matter for direct appeal. The allegations of ineffective assistance of counsel during the penalty and sentencing phases are refuted by an examination of the record. The claim that

Tustaniwsky was ineffective for not investigating the background of a witness and for not requesting a mistrial after the witness was impeached was presented on direct appeal. The claim that trial counsel failed to request an instruction relating to circumstantial evidence based on *Turner v. Commonwealth*, Ky., 328 S.W.2d 536 (1959), is warrantless because no such instruction would have been authorized by Kentucky law in that the *Turner* standard has not been followed since 1974. *See Commonwealth v. Sawhill*, Ky., 660 S.W.2d 3 (1983). The complaint about the manner in which voir dire was conducted was raised on direct appeal. Claims that there was failure to request a delay in order to investigate an alleged surprise witness are without merit. The jury was sufficiently advised as to the witness.

Sanborn claims that trial counsel failed to fully prepare for Dr. Skelton's testimony. He also alleges that the Doctor was instructed to make inconsistent statements about the charged crime because trial counsel did not advise him of the intention to use extreme emotional distress. We disagree. Sanborn was unable to prove these contentions at the RCr 11.42 hearing. Trial counsel testified that he did discuss the testimony with the witness and had a copy of her report and that he further discussed the defense with Sanborn before Sanborn talked with Dr. Skelton. Trial counsel also testified that he explained extreme emotional disturbance to Sanborn.

■ Sanborn next complains about the decision of his attorneys at the first trial to enlist the voluntary services of Rev. Barkley Brown as a potential mitigation witness. He claims that his attorneys were ineffective to anticipate the ruling that the discussions with Rev. Brown would be considered not privileged. The *Strickland* standard does not consider counsel's actions with hindsight. Failure to anticipate correctly a future ruling of the court does not present an ineffective assistance claim. Sanborn's counsel did not render ineffective assistance by failing to subpoena Dr. Van Stockum. Dr. Van Stockum's testimony from the first trial was read back to the jury during the retrial. We rejected a complaint on this point raised on direct appeal from the retrial. Sanborn's complaint that his counsel failed to retain an expert to refute testimony from the Commonwealth's expert, Dr. Skelton, is without merit. Counsel for Sanborn had an expert present during the interviews with Sanborn conducted by Dr. Skelton.

■ The contention that cumulative error by counsel establishes a federal or state violation of the constitution is without merit. In view of the fact that the individual allegations of ineffective assistance of counsel are unconvincing, they can have no cumulative effect. *McQueen v. Commonwealth*, Ky., 721 S.W.2d 694 (1986); *See also Bowling v. Commonwealth*, Ky., 942 S.W.2d 293 (1997).

## VII

■ Sanborn contends that the death penalty was inappropriate in this case because of the decision by the prosecution allegedly to seek the death penalty based on the race of the victim and is disproportionate to this crime. Again, no specific facts have been presented to support this allegation. This issue was presented on direct appeal from the retrial. This Court specifically found that the death penalty was appropriate and conducted the necessary proportionality review. *Sanborn v. Commonwealth*, Ky., 892 S.W.2d 542 (1994). This claim was raised and rejected on direct appeal and may not be reconsidered under RCr 11.42.

■ The delay to carry out Sanborn's death penalty did not render capital punishment disproportionate to the crime of murder. Much of the delay in scheduling Sanborn's retrial was caused by motions filed by his attorneys. The delay in carrying out a death sentence does not render it unconstitutional. *See Lackey v. Johnson*, 83 F.3d 116 (5th Cir.1996); *Stafford v. Ward*, 59 F.3d 1025 (10th Cir.1995). Further, this is not an appropriate reason for relief under RCr 11.42. Only those violations which may have a bearing on the legality or the fundamental fairness of the trial may be considered. *Dupin v. Commonwealth*, Ky., 404 S.W.2d 280 (1966).

■ Sanborn's complaint that members of the jury, the judge, the prosecutor and his

trial were unrelated to the county where the offense was committed is meritless because it was the result of Sanborn's own actions. Further, this issue has been raised on direct appeal and cannot be heard now.

## VIII

The cumulative effect of alleged error does not require reversal of the convictions and sentences. The cumulative error, if any, did not deny Sanborn a fair trial or a fair capital sentencing proceeding under the appropriate state and federal constitutional standards. We find no error and consequently, we find no cumulative error. *Sanders v. Commonwealth*, Ky., 801 S.W.2d 665 (1991); *Wilson v. Commonwealth*, Ky., 836 S.W.2d 872 (1992).

## IX

The limitation placed by this Court on briefs of 50 pages pursuant to CR 76.16(5)(a) does not deny an appellant a full and fair hearing of all the issues. It does not deny an appellant the effective assistance of counsel because all facts and legal arguments have been adequately set out. *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), is not applicable. There is no constitutional right to a certain number of pages in any appellate brief.

The order denying RCr 11.42 relief is affirmed.

STEPHENS, C.J., and COOPER, GRAVES, JOHNSTONE and LAMBERT, JJ., concur.

STUMBO, J., concurs in result only.