Thomas Clyde BOWLING, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Charles Wayne BUSSELL, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Parramore SANBORN, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Gregory WILSON, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Nos. 95–SC–61–MR, 95–SC–1018–MR, 96–
SC–76–MR and 96–SC–88–MR.

Supreme Court of Kentucky.

Feb. 16, 1996.

As Modified March 21, 1996 on Grant
of Rehearing in 95–SC–1018.

Rehearing Denied April 25,
1996 in 96–SC–88.

Rehearing Denied Aug. 28,
1996 in 95–SC–61.

Donna L. Boyce, Assistant Public Advocate, Frankfort, Karl R. Keys, Capital Post–Conviction Unit, Department of Public Advocacy, Frankfort, for Appellant Bowling.

Margaret Foley Case, Jason Nohr, Assistant Public Advocates, Frankfort, for Appellant Bussell.

Karl R. Keys, Capital Post–Conviction Unit, Frankfort, Randall L. Wheeler, Assistant Public Advocate, Frankfort, for Appellant Sanborn.

Robert E. Fleming, Louisville, Daniel T. Goyette, Louisville, Frank W. Heft, Jr., Louisville, Margaret E. Keane, Greenebaum, Doll & McDonald, Louisville, Wm. Patrick Mulloy, II, Greenebaum Doll & McDonald, Louisville, for Appellant Wilson.

A.B. Chandler, III, Attorney General, Frankfort, Connie Vance Malone, Kent T. Young, David A. Smith, Criminal Appellate Division, Office of Attorney General, Frankfort, for Appellee.

## BOWLING v. COMMONWEALTH

Bowling was convicted of two counts of murder and sentenced to death in January of 1991. This Court affirmed the convictions and death sentences in *Bowling v. Commonwealth*, Ky., 873 S.W.2d 175 (1993). Bowling then petitioned the United States Supreme Court for writ of certiorari which was denied on October 3, 1994. *Bowling v. Kentucky*, — U.S. —, 115 S.Ct. 176, 130 L.Ed.2d 112 (1994). On February 28, 1995, Bowling filed what was styled as a notice of appearance and notice of intent to file an RCr 11.42 motion in the Fayette Circuit Court. A status conference was held April 24, 1995, during which there were discussions concerning the need to secure a waiver from Bowling regarding a possible conflict of interest of counsel. No further action was taken until Governor Patton signed an executive order, on January 3, 1996, which set Bowling's execution date on February 1, 1996.

## BUSSELL v. COMMONWEALTH

Bussell was convicted of murder and robbery. He was sentenced to death on the murder conviction in January of 1992. This Court affirmed his conviction and sentence in *Bussell v. Commonwealth*, Ky., 882 S.W.2d 111 (1994). Bussell then petitioned the United States Supreme Court for writ of certiorari which was denied on February 21, 1995. *Bussell v. Kentucky*, — U.S. —, 115 S.Ct. 1154, 130 L.Ed.2d 1111 (1995), *rehearing denied*, — U.S. —, 115 S.Ct. 1729, 131 L.Ed.2d 586 (1995). On August 30, 1995, Bussell filed what was styled as a notice of appearance, notice of intent to file an RCr 11.42 motion, motion for recusal of the circuit judge and motion for a status conference in the Christian Circuit Court. The Christian Circuit Court dismissed these motions for lack of jurisdiction on November 1, 1995. The dismissal was appealed to this Court. The record on appeal was received and the sixty (60) day briefing period began on December 21, 1995. On January 3, 1996, Governor Patton signed Executive Order 96–12 setting Bussell's execution date on February 1, 1996.

## SANBORN V. COMMONWEALTH

Sanborn was convicted of murder, rape, sodomy and kidnapping in 1984. He was sentenced to death on the murder conviction. This Court reversed Sanborn's first conviction and sentence. *Sanborn v. Commonwealth*, Ky., 754 S.W.2d 534 (1988). Thereafter, in 1991 Sanborn was retried and convicted a second time which was affirmed by this Court in all respects. *Sanborn v. Commonwealth*, Ky., 892 S.W.2d 542 (1994). Sanborn then petitioned the United States Supreme Court for writ of certiorari which was denied October 2, 1995. *Sanborn v. Kentucky*, — U.S. —, 116 S.Ct. 154, 133 L.Ed.2d 98 (1995). Sanborn's petition for rehearing in the United States Supreme Court was denied on December 11, 1995, as untimely filed. Governor Patton signed Executive Order 96–13 on January 3, 1996, setting Sanborn's execution date on February 1, 1996.

*WILSON v. COMMONWEALTH*

Wilson was convicted of murder, kidnapping, first degree rape and criminal conspiracy to commit robbery in 1988. He was sentenced to death on the murder conviction and death on the kidnapping conviction. This Court affirmed Wilson's convictions but remanded for resentencing because the imposition of the death sentence for kidnapping was improper. *Wilson v. Commonwealth*, Ky., 836 S.W.2d 872, 890 (1992). Wilson then petitioned the United States Supreme Court for writ of certiorari which was denied on April 19, 1993. *Wilson v. Kentucky*, 507 U.S. 1034, 113 S.Ct. 1857, 123 L.Ed.2d 479 (1993), *rehearing denied*, 510 U.S. 909, 114 S.Ct. 295, 126 L.Ed.2d 244 (1993). On January 9, 1995, Wilson was resentenced to life imprisonment on the kidnapping charge. This life sentence was reversed and remanded by this Court in an unpublished opinion rendered November 22, 1995. Subsequently, in December of 1995, Wilson filed a petition for modification of the above opinion which was denied by this Court on February 14, 1996. On January 3, 1996, Governor Patton signed Executive Order 96–15 setting Wilson's execution date on February 1, 1996. He has pending before us a motion for a stay of execution.

Sanborn and Bowling filed motions for a stay of execution in the circuit courts which rendered their judgments of conviction. Both were denied for lack of jurisdiction and subsequently appealed to this Court. We issued temporary stays in all four of the above-styled cases on January 26, 1996. We render this opinion to clarify two central issues.

■ The first issue is whether this Court can or will interfere with the Governor's announced policy concerning the signing of death warrants. Former governors followed a policy wherein ninety (90) days would be allowed for defense counsel to commence the post-conviction relief process when the United States Supreme Court had denied a petition for writ of certiorari in the direct appeal. The present Governor has stated that the "90 day" policy is not the policy of his administration. The new policy is to give defense counsel up to three (3) days

from the date of receipt of a death warrant request to respond in writing. The Governor will then review the file consistent with his policy to set execution dates immediately in death penalty cases. There should be no misunderstanding as to the effect of the three-year provision in RCr 11.42(10). This provision serves only as an outer time limit on the bringing of such actions and in no way affects the prerogatives of the Governor with respect to enforcement of criminal judgments.

■ The Governor of Kentucky is constitutionally charged with enforcement of the law and expressly authorized by statute to set the date of execution. *See* KY CONST § 81; and KRS 431.218. As such, the governor's policy concerning the signing of death warrants is strictly an executive function. The Kentucky Constitution expressly addresses the separation of powers within the branches of government. KY CONST §§ 27, 28. Moreover, the separation of powers doctrine "is fundamental to Kentucky's tripartite system of government." *Legislative Research Commission v. Brown*, Ky., 664 S.W.2d 907, 912 (1984). This Court does not have the power to interfere with the Governor's policy concerning the signing of death warrants.

■ The second issue is whether the filing of a notice of intent to file an RCr 11.42 motion can serve as a basis for the circuit court to issue a stay of execution. We do not find the filing of any "pre-RCr 11.42 motions," however styled, sufficient to invest the circuit court with the power to grant a stay of execution. In fact, we do not find any evidence of the legal existence of "pre-RCr 11.42 motions"; certainly not of sufficient validity to authorize the stay of a criminal judgment.

The Rules of Criminal Procedure expressly state that "[a] sentence of death shall be stayed pending review by an appellate court." RCr 12.76. In all of the above-styled cases, appellate review of the sentences is final. As such, until an RCr 11.42 motion is filed in the circuit court there is no procedure by which that court can issue a stay of the sentence. Even if that which is

sought is characterized as an injunction or a restraining order, the rules explicitly state the action must be commencing or pending before the court can issue such an order. CR 65.03, CR 65.04. However, once the RCr 11.42 motion is filed, the circuit court will have the ability to grant the stay if the requirements are met.

We are aware of the complexities involved in preparing an RCr 11.42 motion that will adequately address any and all legal challenges a defendant may have. The rule states that the motion "shall state specifically the grounds on which the sentence is being challenged and the facts on which the movant relies in support of such grounds." RCr 11.42. Moreover, any possible grounds that could have been raised will be lost if not presented in the same proceeding. *Id.* These requirements must be met or the motion may be summarily dismissed.

■ It is very clear that any defendant is entitled to a review of the conviction and death sentence by the Kentucky Supreme Court and the United States Supreme Court. KY CONST. § 110; KRS 532.075; U.S. CONST. art. III. Further, a defendant is entitled to pursue post-conviction remedies, and appeal, subject to the rules of this Court. Coupling the availability of these procedures with the gravity of the punishment involved, it is mandatory that a defendant raise all issues without delay. In recognition of the need for both speed and specificity, we hold that an RCr 11.42 motion must be filed in an expeditious manner and is subject to amendment, if appropriate, with leave of court. Due to the unquestioned right of defendants to have their contentions decided by a court, "leave [to amend] shall be freely given when justice so requires." CR 15.01.

STEPHENS, C.J., and GRAVES, KING, LAMBERT, STUMBO and WINTERSHEIMER, JJ., sitting.

All concur.