Gilbert CORNELISON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Commonwealth of Kentucky, Appellant,

v.

Donald Decker, Appellee.

Nos. 2000–SC–0646–DG, 2000–SC–0813–TG.

Supreme Court of Kentucky.

Aug. 23, 2001.

Tera M. Rehmel, Woodward, Hobson & Fulton LLP, Louisville, for Gilbert Cornelison.

John M. Finnegan, Jr., Louisville, for Donald Decker.

A.B. Chandler III, Attorney General, Todd D. Ferguson, Assistant Attorney General, Teresa Young, Assistant Attorney General, Office of Attorney General, Criminal Appellate Division, Frankfort, for Commonwealth of Kentucky.

GRAVES, Justice.

Inasmuch as these two cases were argued before the Court on the same day and involve an identical issue, this Court will resolve both cases in this single opinion.

**Case No. 00–SC–0646–DG**

On April 26, 1999, Appellant, Gilbert Cornelison, was stopped for suspicion of operating a vehicle while his license was suspended. The officer observed that Cornelison emitted a strong odor of alcohol, and Cornelison agreed to submit to a field sobriety test, which he failed. He was placed under arrest and, more than an hour later, was administered a Breathalyzer test which indicated that his blood alcohol content was 0.274. Subsequently, Cornelison was indicted for operating a motor vehicle while under the influence, third offense, a class D felony, and for operating a motor vehicle while license is suspended for DUI, second offense, a class A misdemeanor.

Cornelison initially entered a plea of not guilty to both offenses and moved the Madison Circuit Court to declare KRS 189A.010(4)(c) unconstitutional. After the trial court denied the motion, Cornelison pled guilty to the misdemeanor charge and entered a conditional guilty plea to the felony DUI charge. The trial court sentenced Cornelison to three months in jail for driving on a suspended license, and to one year imprisonment for the DUI conviction, with the sentences to run concurrently. The trial court noted that after Cornelison had served the 120–day mandatory minimum sentence on the felony conviction it would consider a request for probation so that Cornelison could attend an alcohol rehabilitation program.

Cornelison thereafter appealed the DUI conviction to the Court of Appeals, contending that the 1998 amendment to KRS 189A.010(4)(c) was unconstitutional. The Court of Appeals held that the statute was neither arbitrary nor a violation of Cornelison's equal protection rights. This Court granted discretionary review. Additional facts will be developed in the course of this opinion.

KRS 189A.010(4)(c), was amended in 1998 to provide:

> Any person who violates the provisions of paragraph (a), (b), (c) or (d) of subsection (1) of this section shall:
>
> (c) If the alcohol concentration is below 0.18, for a third offense within a five (5) year period, be fined not less than five hundred dollars ($500) nor more than one thousand dollars ($1,000) and shall be imprisoned in the county jail for not less than thirty (30) days nor more than twelve (12) months and may, in addition to fine and imprisonment, be sentenced to community labor for not less than ten (10) days nor more than twelve (12) months. If the alcohol concentration is 0.18 or above, he or she shall be guilty of a Class D felony.

KRS 189A.010(4) provides a comprehensive scheme of escalating penalties to be imposed on individuals who engage in the inherently dangerous activity of driving while under the influence of alcohol. Prior to the 1998 amendments, the sanctions progressed in severity based solely on the number of offenses within a five-year period. The Legislature amended the statute in 1998 and chose, in the case of first-time and third-time offenders, to further classify offenders according to their degree of intoxication, enhancing the penalty for those driving with a blood-alcohol content of 0.18 or higher.[1]

A first-time offender with a blood alcohol level of less than 0.18 could be given a fine of between $200 and $500, and be imprisoned "for not less than forty-eight (48) hours nor more than thirty (30) days," or could receive both a fine and a sentence of imprisonment. However, while a first-time offender with a blood alcohol level of 0.18 or higher could be subjected to the same fines, subsection (4)(a) required that the offender be sentenced to jail for at least seven days, five of which could be probated. A third offense committed within a five year period by one whose blood alcohol level was less than 0.18 could result in a fine of $500 to $1,000, and imprisonment for 30 days to 12 months. The part of the statute which Cornelison challenges provides that a third offense within a five year period by a driver with a blood alcohol level of 0.18 is classified as a class D felony carrying a penalty of imprisonment from one to five years. The 1998 amendment did not affect the penalties for second, fourth or subsequent offenses.

 It is a settled principle that when the legislature "has enacted a statute, [it] is presumed to have done so in accordance with the constitutional requirements, and that its provisions are not contrary to any constitutional right...." *Lakes v. Goodloe*, 195 Ky. 240, 242 S.W. 632, 635 (1922). A statute will not be struck down as unconstitutional "unless its violation of the constitution is clear, complete and unequivocal." *Sasaki v. Commonwealth*, Ky., 485 S.W.2d 897, 902 (1972), *vacated on other grounds*, 410 U.S. 951, 93 S.Ct. 1422, 35 L.Ed.2d 684 (1973). Moreover, the Commonwealth does not bear the burden of establishing the constitutionality of a statute, rather "[t]he one who questions the

---

1. The Legislature has since further amended KRS 189A.010(4). The amended statute, renumbered as KRS 189A.010(5), which became effective October 1, 2000, subjects all offenders to enhanced penalties if certain "aggravating circumstances" are present. Those "aggravating circumstances" are enumerated in subsection (11) and include operating a motor vehicle with a blood alcohol content of 0.18 or more. In addition, a third time offender is no longer subject to felony sanctions. Rather, a third-time offender with a blood alcohol content of 0.18 or higher can be sentenced to a term of imprisonment for twelve months and such offender must serve at least 60 days in jail before becoming eligible for any type of release.

validity of an act bears the burden to sustain such a contention." *Stephens v. State Farm Mutual Auto Insurance Co.,* Ky., 894 S.W.2d 624, 626 (1995).

■ Cornelison first takes issue with the legislature's designation of a blood alcohol level of 0.18 as being the "magical level" beyond which a third-time offender is treated as a felon. Cornelison argues that 0.18 is an arbitrary level and only seeks to penalize third time offenders "for no reason at all." Moreover, he contends that there is no reliable evidence that drivers whose blood alcohol levels are 0.18 or higher pose any greater risk to the public than those whose levels are below 0.18.

■ As we have previously noted, the Commonwealth is not obligated to produce evidence to sustain the rationality of statutory classifications. *Stephens, supra.* We are of the opinion that Cornelison, who does in fact have the burden of demonstrating the arbitrariness of the statute, has failed to do so. Just as the legislature has recently amended the statute to provide that an alcohol concentration of 0.08 or higher creates a presumption of intoxication, it has the authority to declare that a level of 0.18 or higher warrants increased penalties.

■ Cornelison next contends that the statute violates the equal protection guarantees found in the United States and Kentucky Constitutions. Again, we disagree. In *Commonwealth v. Howard,* Ky., 969 S.W.2d 700, 702 (1998), this Court ruled that the juvenile DUI statute, KRS 189A.010(1)(e), did not violate the equal protection clause under a rational basis analysis:

It must be understood that driving an automobile is not a fundamental constitutional right, but a legitimately regulated privilege. Thus, the review of this matter under a rational basis analysis is appropriate because the legislation in question does not infringe on a fundamental right, nor does it impact on a suspect class negatively.

Under the rational basis analysis, "a classification must be upheld against an equal protection challenge if there is any reasonably conceivable state of facts that would provide a rational basis for the classification." *Heller v. Doe,* 509 U.S. 312, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993).

■ The 1998 amendment to KRS 189A.010(4)(c) was in response to the serious and growing societal problem of drunk driving. In amending KRS 189A.010(4)(c), the Legislature was obviously concerned not only with the danger to society created by repeat DUI offenders, but also about the level of intoxication of those drivers. Cornelison argues that if the purpose of the statute was to protect the public from potential harm inflicted by drivers with an intoxication level of 0.18 or more, then all offenders whose blood alcohol content reaches such level should be subject to the increased penalties. Undisputedly, the Legislature did not impose greater sanctions for second-time offenders who are caught driving with the higher level of alcohol in their system. However, as we stated in *Howard, supra,* a statute does not have to be perfect to pass constitutional muster. At the time of the 1998 amendment, the Legislature evidently believed that the sanctions for second-time offenders, as well as fourth-time and subsequent offenders, were severe enough. Unquestionably, the discretion to define the level of harm and the appropriate punishment is within the purview of the Legislature, not this Court. *Mullins v. Commonwealth,* Ky.App., 956 S.W.2d 222 (1997).

In *Commonwealth v. Harrelson,* Ky., 14 S.W.3d 541, 548 (2000), we stated that "[t]he rational basis argument can be paraphrased as 'Is there a good reason to

adopt a law?' The answer is a stunningly simple 'yes.' The legislature has broad discretion to determine what is harmful to the public health and welfare." There is nothing inherently unfair in treating the same class of multiple offenders differently based on their level of intoxication. Thus, we conclude that the trial court and the Court of Appeals were correct in holding that a rational basis existed for the 1998 amendment to KRS 189A.010(4)(c).

### Case No. 2000–SC–0813–TG

Appellant, Donald Decker, was indicted in July 1999, on one count of operating a vehicle while under the influence of alcohol, third offense, a class D felony, and one count of operating a motor vehicle while license is suspended or revoked for driving while under the influence, a class A misdemeanor. At the time of his arrest, Decker's blood alcohol content was over 0.18. Decker moved the Jefferson Circuit Court to declare KRS 189A.010(4)(c) unconstitutional as an arbitrary exercise of the Commonwealth's police power. In March 2000, the trial court issued an order holding KRS 189A.010(4)(c) unconstitutional as a violation of both the United States and Kentucky Constitutions. The Commonwealth appealed and the Court of Appeals thereafter recommended transfer to this Court.

The essential questions raised in this case regarding the constitutionality of KRS 189A.010(4)(a) as it existed at the time of Decker's offense have been answered as it applies to Cornelison's case, to the effect that the 1998 statute was constitutional. As such, the Jefferson Circuit Court erred in holding the statute unconstitutional.

The decision of the Court of Appeals in Case No. 2000–SC–0646–DG is hereby affirmed.

The order of the Jefferson District Court in Case No. 2000–SC–0813–DG is hereby vacated and the case is remanded for further proceedings.

All concur.