Benny Lee HODGE, Appellant,

v.

COMMONWEALTH OF KENTUCKY,
Appellee.

No. 2001–SC–0526–MR.

Supreme Court of Kentucky.

Aug. 21, 2003.

As Amended Aug. 25 and Sept. 5, 2003.

Rehearing Denied Oct. 23, 2003.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Armand I. Judah, Louisville, Larry Komp, Ballwin, for appellant

A.B. Chandler, III, Atty. Gen., Ian G. Sonego, Asst. Atty. Gen., Criminal Appellate Division, Frankfort, for appellee.

Opinion of the Court by Justice
WINTERSHEIMER.

This appeal seeks post-conviction relief from an order denying the RCr 11.42 motion by Hodge without an evidentiary hearing. Hodge raises numerous arguments as to why an evidentiary hearing is required and claims that he presents unique questions for this Court.

Hodge presents six arguments on appeal with multiple sub arguments. This Court has reviewed each of the allegations presented. Among the issues presented is the alleged deficient performance of defense counsel at trial in the investigation and cross-examination of the former wife of Hodge. He argues that her testimony was objectionable, inflammatory and prejudicial. He asserts that defense trial counsel allowed numerous references to bad acts and convictions and that he failed to impeach her testimony, all of which amount to ineffective assistance of counsel pursuant to RCr 11.42.

Hodge also claims that he was denied his right to testify by the advice of his defense counsel; that trial counsel failed to secure proper witnesses and did not seek experts who would be necessary for any DNA testing; that the trial judge used an incorrect standard in denying the RCr 11.42 motion; and that the trial judge failed to allow an amendment, even though new counsel had only 30 days before the RCr 11.42 motion was due. These and all of his claims will be treated in this opinion.

Hodge has been the subject of previous opinions of this Court. He was first tried in 1987 for the murder, robbery, and burglary of the victims in their home. He was convicted and sentenced to death for the double murders. These convictions were set aside by this Court because the trial judge did not conduct individual voir dire on the issue of pre-trial publicity. *Hodge v. Commonwealth*, 1988–SC–713–MR. Hodge was retried in 1996 and again convicted of the capital murder, first-degree armed robbery and first-degree burglary of the two victims in their home. Both victims were shot twice. The jury imposed a death sentence for each murder and fixed a sentence of 20 years for each remaining count. This Court unanimously affirmed the convictions and death sentences. *Hodge v. Commonwealth*, Ky., 17 S.W.3d 824 (2000).

A. Standard of Review

It is again necessary to set out the standard of review for claims raised in a collateral attack pursuant to RCr 11.42, alleging ineffective assistance of counsel at the trial. Such a motion is limited to the

issues that were not and could not be raised on direct appeal. An issue raised and rejected on direct appeal may not be reconsidered in these proceedings by simply claiming that it amounts to ineffective assistance of counsel. *Haight v. Commonwealth*, Ky., 41 S.W.3d 436 (2001), *citing Sanborn v. Commonwealth*, Ky., 975 S.W.2d 905 (1998).

■■■ The standards which measure ineffective assistance of counsel have been set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *accord Gall v. Commonwealth*, Ky., 702 S.W.2d 37 (1985). In order to be ineffective, the performance of defense counsel must be below the objective standard of reasonableness and so prejudicial as to deprive a defendant of a fair trial and a reasonable result. *Strickland, supra.* It must be demonstrated that, absent the errors by trial counsel, there is a reasonable probability that the jury would have reached a different result. *See Norton v. Commonwealth*, Ky., 63 S.W.3d 175 (2001). The purpose of RCr 11.42 is to provide a forum for known grievances, not to provide an opportunity to research for grievances. *Gilliam v. Commonwealth*, Ky., 652 S.W.2d 856 (1983); *Haight, supra.*

■■■ The RCr 11.42 motion must set forth all facts necessary to establish the existence of a constitutional violation. The court will not presume that facts omitted from the motion establish the existence of such a violation. *Cf. Skaggs v. Commonwealth*, Ky., 803 S.W.2d 573 (1990). The argument by Hodge that the circuit court failed to use the proper standard in denying his motion is unconvincing.

■■■ An evidentiary hearing is not necessary to consider issues already refuted by the record in the trial court. Conclusionary allegations which are not supported with specific facts do not justify an evidentiary hearing because RCr 11.42 does not require a hearing to serve the function of discovery. *Stanford v. Commonwealth*, Ky., 854 S.W.2d 742 (1993). Our review of the record indicates that it conclusively disposes of the allegations.

Hodge enumerates a laundry list of claims to the effect that the record does not support the conclusion of the circuit judge. On several occasions the circuit judge stated that there was no evidence before the court that would substantiate the claim and that the allegations are not supported by the record. Regarding the assertion by Hodge that his trial defense attorneys deprived him of the right to testify, the circuit judge concluded that the allegation is not supported in the record. We must agree.

■■■ The contention that the claims failed not because the record refuted them, but because Hodge was not given an opportunity to develop the allegations, runs afoul of the clear mandate of *Gilliam, supra*, that the purpose of RCr 11.42 is to provide a forum for known grievances, not to provide the opportunity to research for grievances. *See also Haight.* Here, the circuit judge was able to resolve the issues from the record and determined that the allegations were not sufficient to invalidate the convictions on the grounds of ineffective assistance. *See Wilson v. Commonwealth*, Ky., 975 S.W.2d 901 (1998). An evidentiary hearing is not required to consider issues already refuted by the record in the trial court. The burden is on the movant to establish convincingly that he has been deprived of some substantial right which would justify the extraordinary relief afforded by post-conviction proceedings. *Dorton v. Commonwealth*, Ky., 433 S.W.2d 117 (1968); *See also Haight.*

B. Hodge's Claims of Numerous Errors

Hodge maintains that the opinion of the circuit court contained numerous errors

necessitating a remand for reconsideration of his RCr 11.42 motion. He complains that he has been denied the full and fair opportunity to present his allegations of error. In addition to his quarrel with the correct standard of review, he also asserts that the circuit judge did not follow the directions of the United States Supreme Court in the seminal case of *Strickland,* or in *Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

 As noted earlier, it is the responsibility of Hodge to identify specific errors by his defense counsel and demonstrate that those errors were objectively unreasonable under the circumstances existing at the time of the trial. A careful study of the proceedings indicates that the actions of the defense counsel were the result of trial strategy and the alleged errors did not prejudice Hodge in his right to a fair trial. *See Strickland; Taylor v. Commonwealth,* Ky., 63 S.W.3d 151 (2001). As noted in *Strickland,* no particular set of detailed rules for counsel's conduct can satisfactorily take into account the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant. Any such set of rules would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions.

A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct and to evaluate the conduct from counsel's perspective at the time.... There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way. *Strickland.*

 Judicial review of the performance of defense counsel must be very deferential to counsel and to the circumstances under which they are required to operate. There is always a strong presumption that the conduct of counsel falls within the wide range of reasonable professional assistance because hindsight is always perfect. *Cf. Bell v. Cone,* 535 U.S. 685, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002).

 Technical errors which do not deprive a defendant of a substantive or procedural right to which the law entitles the defendant or a fair trial are not sufficient to establish prejudice under *Strickland. Cf. Lockhart v. Fretwell,* 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993); *Baze v. Commonwealth,* Ky., 23 S.W.3d 619 (2000); *Norton, supra.*

Hodge complains about the investigation and cross-examination of his former wife. As noted in *Baze, supra,* a reasonable investigation is not the investigation that the best defense lawyer, blessed not only with unlimited time and resources but also with the inestimable benefit of hindsight, would conduct.

We find the frequent enumerations of alleged departure from the federal standard to be unconvincing and contradictory in the light of the emphasis Hodge seems to place on the importance of the record.

I. Circuit Court Opinion

 Here, the allegations presented were essentially based on facts contained in claims raised on direct appeal but with the application of a new legal theory, ineffective assistance of trial counsel. It is often stated that an evidentiary hearing is required only if there is a material issue of fact that cannot be conclusively resolved

by an examination of the trial court record. *Fraser v. Commonwealth,* Ky., 59 S.W.3d 448 (2001). The presentation of ineffective assistance, which must not be based on a claim already presented on direct appeal, fixes the burden on Hodge to plead sufficient facts to establish that the conduct of defense counsel was objectively unreasonable and that a reasonable performance by counsel would have created a reasonable probability of a favorable result. Mere speculation as to how other counsel might have performed either better or differently without any indication of what favorable facts would have resulted is not sufficient. Conjecture that a different strategy might have proved beneficial is also not sufficient. *Baze; Harper v. Commonwealth,* 978 S.W.2d 311 (1998). As noted by *Waters v. Thomas,* 46 F.3d 1506 (11th Cir. 1995) *(en banc):* "The mere fact that other witnesses might have been available or that other testimony might have been elicited from those who testified is not a sufficient ground to prove ineffectiveness of counsel."

Hodge contends that he was denied his constitutional right to testify because his attorney refused his request to do so. Hodge was a convicted felon at the time of the trial and he did not testify during his first murder trial.

■■■■ The motion by Hodge fails to identify what facts he would have testified to that the jury was not already aware of, or how his testimony would have influenced the jury to have reached a different verdict. In the two paragraphs of his thirty-six page RCr 11.42 motion that Hodge devotes to this allegation, the only details that he supplies are two conclusory and indistinct assertions—i.e., (1) if he had testified, he might have been more persuasive and "would have fought harder" than his trial counsel did; and (2) that his testimony would have "refuted the statements of his totally incredible" ex-wife and his "equally unbelievable" co-defendant. These vague claims fail to satisfy the specificity requirements of RCr 11.42(2) and the trial judge thus correctly denied relief without conducting an evidentiary hearing.

■■■■ We must conclude that a review of a RCr 11.42 motion is only to be made on the record and the facts pleaded. Any erroneous references in the language of the opinion of the circuit court were simply linguistic or technical in nature and amounted only to harmless error, if any, at best. This Court will uphold a conviction where the trial court may have reached the correct result although for a wrong reason. *Cf. Jarvis v. Commonwealth,* Ky., 960 S.W.2d 466 (1998); *Bonin v. Calderon,* 59 F.3d 815, 823 (9th Cir.1995).

## II. Other Erroneous References

In addition to the alleged errors enumerated in subsection I, Hodge continues his argument as to the alleged erroneous remarks in the opinion of the circuit judge. Hodge claims that the circuit judge erred in rejecting his claim of ineffective assistance based on *Ake v. Oklahoma,* 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985), because defense counsel did not ask for an expert to test hairs found at the crime scene. He contends that the hairs did not match those of the victims and might be shown to match Bartley. Bartley was also at the crime scene. There was testimony from the former wife of Hodge that he made a pretrial statement that Hodge and Bartley went inside the residence when they each robbed the victims and each of them shot one of the residents. Any evidence that hairs of Bartley were inside the home would not demonstrate that Hodge was not also inside and helped to kill and rob the two victims and burglarize the residence.

We have held that when a defendant claims his counsel is ineffective by not making an *Ake* motion for expert assistance he must establish how he was prejudiced by the alleged failure of counsel. *Haight*. In claiming that the defense was deficient, the accused must establish that the performance by the attorney was objectively unreasonable and how the alleged error prejudiced his defense. *Ake, supra*, does not apply to a collateral attack, nor does it require that the trial judge appoint experts simply to allow the collateral proceedings to attempt to discover possible evidence. *Sanborn v. Commonwealth*, Ky., 975 S.W.2d 905 (1998). We are not persuaded that *Kordenbrock v. Scroggy*, 919 F.2d 1091 (6th Cir.1990), prohibits a harmless error analysis.

The complaint by Hodge regarding the absence of testimony by Darcy O'Brien was rejected by this Court on direct appeal and will not be considered at this time.

### III. Additional Amendments

Hodge argues that the circuit court order which rejected his request to file amendments to his RCr 11.42 motion was an abuse of discretion because it failed to recite specific facts and was contrary to the ruling of this Court in *T.C. Bowling v. Commonwealth*, Ky., 926 S.W.2d 667 (1996).

Hodge originally filed a very brief RCr 11.42 motion. The circuit court granted counsel for Hodge an additional 30 days in which to file a more detailed or revised motion. Thereafter, Hodge filed a more detailed motion which was approximately 38 pages in length. Within that motion, Hodge requested authority to file additional amendments to revise the original motion within 120 days. The Commonwealth objected to the additional time. Approximately 30 days after the filing of the revised motion, the circuit judge denied the request for blanket authority to file amendments to supplement the revised RCr 11.42 motion.

The revised motion offered no specific facts or particular amendments in making the request for additional time from the circuit court. Mere complaints that counsel needed additional time without further specifications are insufficient. We are persuaded that the position of the Sixth Circuit in *In re Parker*, 49 F.3d 204 (6th Cir.1995), was correct when it indicated that counsel can always argue that they need more time to do a better job. Such contentions alone are not the basis for any relief. Counsel for Hodge were certainly on practical notice that they needed to move expeditiously in filing the RCr 11.42 motion as soon as the petition to the United States Supreme Court was denied. *See In re Parker, supra; T.C. Bowling v. Commonwealth*, Ky., 926 S.W.2d 667 (1996).

Following the issuance of a mandate by this Court of finality, the Governor scheduled an execution date of June 15, 2000. Counsel for Hodge obtained a stay from this Court limited to 90 days in order to file a certiorari petition with the United States Supreme Court.

The denial by the circuit judge of the request for additional time did not violate any state or federal constitutional rights of Hodge. This Court has previously rejected arguments in death penalty cases in which defendants contend that they should be given extended authority to file amendments to their RCr 11.42 motions for a number of months after the original motion was filed. *See Baze citing In re Parker; Sanborn v. Commonwealth*, Ky., 975 S.W.2d 905 (1998); *T.C. Bowling, supra. R. Bowling v. Commonwealth*, Ky., 964 S.W.2d 803 (1998) and *Haight*.

Good cause was not demonstrated so as to establish that justice required that the motions for leave to file an amendment should have been granted. The circuit court did not abuse its discretion in refusing the request.

## IV. Post-conviction Due Process

■ Hodge claims that he was denied adequate post-conviction due process and that he did not receive an adequate corrective process pursuant to the Eighth and Fourteenth Amendments. He argues that post-conviction relief must be provided in a manner which accords due process and equal protection pursuant to the Fourteenth Amendment as enunciated in *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). He contends those principles are also found in *Baze*. This Court, as well as the United States Supreme Court, has rejected the argument that *Lucey, supra*, or equivalent argument applies to a collateral attack proceeding. *Cf. Barefoot v. Estelle*, 463 U.S. 880, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983); *T.C. Bowling*. A collateral attack is not a substitute for appeal and the principles governing direct appeals are not applicable to such motions.

Hodge does not cite to any fact or evidence for any particular claim that he was prevented from presenting to the Laurel Circuit Court as a result of the claimed constitutional violation. *Baze* offers little comfort to Hodge. It recites standard principles of law in the context of RCr 11.42 motions. *Baze* states in part that:

> ... it is mandatory that a defendant raise all issues without delay. In recognition of the need for both speed and specificity, we hold that a RCr 11.42 motion must be filed in an expeditious manner and is subject to amendment, if appropriate, with leave of court ... Leave to amend shall be freely given when justice so requires.

*See also* CR 15.01. This concept is not automatic and may not be abused. Here, the interest of justice did not require leave.

Hodge has been represented by the Department of Public Advocacy continuously during this appellate process. Representation has either been provided by staff counsel who are highly competent or, now, by contract counsel who are equally competent. It should be noted that the office of the Attorney General was not involved in prosecuting this case in Laurel Circuit Court. Both trials were in Laurel County although the murders occurred in Jackson county. Once again, Hodge has failed to identify any issue he could have raised but for time constraints or as a result of alleged constitutional improprieties.

## V. Grounds for Relief

Hodge presents lengthy arguments in support of ten grounds which he claims merit relief. We will consider them in order.

A) Hodge claims he sought to testify in his own behalf at trial but that his lawyer refused his request. Thus he asserts he was deprived of his constitutional right to testify even if it was against advice of counsel.

■ Hodge has failed to identify what specific facts he would have testified to that the jury was not already aware of or how his testimony would have influenced the jury to reach a different verdict. He was a convicted felon and subject to impeachment on that basis at the time this case was tried. We find no error.

■ B) Hodge now argues that defense counsel failed to obtain necessary expert assistance to conduct DNA testing on certain hair fibers which investigators

recovered from the crime scene and failed to preserve it. Testimony at the trial established that Hodge and two accomplices committed the crimes. As stated earlier, testimony that others were present inside the residence or assisted him in committing the crimes would not have influenced the jury to find him not guilty. It is possible that the complicity statute, KRS 502.020, would have supported his convictions in any event. *See Marshall v. Commonwealth*, Ky., 60 S.W.3d 513 (2001) and *Perdue v. Commonwealth*, Ky., 916 S.W.2d 148 (1996). Even when *Ake* is raised as an independent constitutional violation, federal courts have determined that a harmless error analysis must be applied. *See White v. Johnson*, 153 F.3d 197 (5th Cir.1998). Here, any error was certainly harmless.

C) Hodge maintains that defense counsel failed to explore different theories as to the use. and purpose of accomplice Bartley's RCr 11.42 motion during the trial in connection with the Letcher County conviction. This issue was addressed by the Court on direct appeal and will not be considered at this time.

D) Next, Hodge complains that defense counsel did not lay the proper foundation regarding the avowal testimony of his prior defense attorney. On direct appeal, this court held that the testimony was properly excluded as double hearsay. We decline to reconsider it in this proceeding. In any event, compliance with KRE 613 would not have cured the violation of KRE 805.

E) Hodge contends that defense counsel was both deficient and prejudiced under *Strickland* principles because he failed to secure the attendance of Darcy O'Brien at the retrial. This issue was considered on direct appeal and will not be reconsidered.

■ F) Hodge contends that defense counsel was deficient in the investigation and cross-examination of his former wife.

The issue on direct appeal was the admission of KRE 404(b) evidence. We held that counsel's continued cross-examination of an obviously hostile witness was a tactical decision. *Hodge v. Commonwealth*, Ky., 17 S.W.3d at 846. Trial strategy will not be second guessed in an RCr 11.42 proceeding. *Hibbs v. Commonwealth*, Ky. App., 570 S.W.2d 642 (1978).

■ G) Here, Hodge presents numerous alleged separate instances of ineffective assistance of counsel during the guilt phase. We have examined the record in detail and find that none of them are the proper subject for a RCr 11.42 motion because they were or could have been raised on direct appeal as trial errors. All of them pertain to trial testimony or to trial proceedings that were in the record at the time of the direct appeal. *See Baze.*

■ H) Hodge now claims ineffective assistance during the penalty phase. All the matters complained of were or could have been raised on direct appeal and thus are not the proper subject of a RCr 11.42 motion. We find the performance of counsel was reasonable under the circumstances. There is no *Strickland* violation.

I) Next, Hodge complains about the closing arguments made by the prosecution and that his defense counsel failed to object to improper arguments. Again, the penalty phase arguments by the prosecutor were challenged on direct appeal and resolved by this Court. During the guilt phase closing argument, defense counsel made two objections, both of which were overruled. At the conclusion of the prosecution phase and after the jury left the courtroom, defense counsel moved for a mistrial based upon the objections he had made. This motion was also overruled. The performance of defense counsel was reasonable.

J) Finally, Hodge argues that the behavior of the trial judge during the course of the trial deprived him of a fair trial. He alleges that the trial judge failed to maintain neutrality and made disparaging remarks about his lawyer. This complaint was made on direct appeal and rejected by this Court. Hodge also complains about the fact that he was kept at the federal penitentiary at Manchester during the trial, and that as a result he was impaired in his ability to have meaningful contact with his defense counsel. There are no specific facts presented as to how Hodge was prejudiced by the prison assignment. His defense counsel did not indicate that the prison arrangement prevented him from preparing for trial or consulting with Hodge. This claim could have and should have been raised with the trial judge on direct appeal. It was not, and we decline to consider it now.

## VI. Separation of Power/Equal Protection/Execution Date

Hodge contends that the executive branch violated the separation of powers doctrine of the Kentucky Constitution and the Equal Protection Clause of the Kentucky and United States Constitution when it allegedly manipulated, by shortening, the statute of limitations as determined by the courts in regard to the signing of death warrants.

KRS 431.240 provides that the Governor has the power to set an execution date for a death sentence. As a practical matter, the establishment of an execution date sets into motion activities by a defendant. It requires that the accused promptly file a RCr 11.42 motion if he wishes to obtain a stay of execution after the direct appeal has been concluded. This Court has determined in *T.C. Bowling*, that it does not have the authority to interfere with the policy of the Governor concerning the sign-

ing of death warrants. The effort by Hodge to distinguish this clear statement by reference to a stay of execution is unconvincing. *See R. Bowling v. Commonwealth*, Ky., 964 S.W.2d 803 (1998); *Baze*; *Foley v. Commonwealth*, Ky., 17 S.W.3d 878 (2000). The Sixth Circuit rejected a similar argument in a Kentucky death penalty case, *In re Parker*, in 1995. As noted in the two *Bowling* cases, the three-year time limit is the outside maximum time for filing such motions and not a rule for establishing a minimum time or any entitlement for a convicted defendant. RCr 11.42 is silent about stays of execution.

As observed in *Barefoot, supra,* counsel for prisoners sentenced to death can always present arguments in an attempt to reverse the sentence and delay its execution. The real question involves meritorious argument. That is not the case here.

Pursuant to KRS 15.020 and 15.700, the Attorney General is the chief law officer and chief prosecutor of the Commonwealth and has a duty to see that the laws of the Commonwealth are enforced. Thus, he has the authority, and even the duty, to advise the Governor on the law and when, in his opinion, litigation for a death sentence has concluded and it is appropriate for the Governor to set an execution date.

The Equal Protection argument presented by Hodge is also without merit. The burden of proving that a statute violates the Equal Protection Clause of the Kentucky Constitution is on the party who makes such a claim. *Cornelison v. Commonwealth*, Ky., 52 S.W.3d 570 (2001). The court stated that on a "rational basis analysis, a classification must be upheld against the equal protection challenge if there is any reasonably conceivable state of facts that would provide a rational basis for the classification." *Id.* at 573. *See also Heller v. Doe*, 509 U.S. 312, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993). RCr

11.42(10) does not establish any right on the part of an accused sentenced to death to delay the filing of his RCr 11.42 motion. The procedures used to facilitate the orderly disposition of habeas petitions are not legal entitlements that the defendant has a right to pursue irrespective of the contribution these procedures make toward uncovering constitutional error. *See Barefoot.*

 Death sentenced prisoners are not equally situated to prisoners who have received a simple prison sentence because the death sentence requires the prisoner to obtain a stay of execution in order to prevent the carrying out of the sentence. As stated earlier, the three-year time limit is a maximum time rather than a minimum time or entitlement for a convicted defendant. As argued by the Attorney General, a death sentenced inmate has every incentive to prolong the valid legal process in order to delay the implementation of the death sentence. The ordinary state prisoner who is sentenced to a specific term of years has an obvious incentive for filing any collateral attack promptly in the hope of securing either a new trial or release. As noted in *In re Parker,* counsel for a death sentenced prisoner do not have the right to obtain a delay in the death sentence until such time as that attorney believes that he has had an adequate amount of time to prepare a collateral attack motion. Such is for a judicial determination.

Here, the Attorney General and the Governor have followed their statutorily mandated duties. They have not violated either the Equal Protection Clause or the Separation of Powers doctrine.

Hodge received reasonably effective assistance of defense counsel. Any of the alleged ineffectiveness was not so serious as to deprive him of a fair trial and there is no reasonable probability that a different result could have been achieved by even the best counsel. A complete review of the record in this case demonstrates that Hodge received a fundamentally fair trial with a reliable and fair sentence.

The order of the circuit court denying the RCr 11.42 motion by Hodge is affirmed.

All concur except STUMBO, J., who did not sit.