RENDERED: SEPTEMBER 18, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-001104-MR
AND
NO. 2019-CA-001453-MR


TIMOTHY M. TUCKER                 APPELLANT


             APPEALS FROM KENTON CIRCUIT COURT
v.          HONORABLE GREGORY M. BARTLETT, JUDGE
              ACTION NO. 17-CR-00972


COMMONWEALTH OF KENTUCKY         APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, DIXON, AND K. THOMPSON, JUDGES.

DIXON, JUDGE: Timothy M. Tucker, *pro se*, appeals the orders of the Kenton

Circuit Court denying his motion to vacate judgment of his conviction and denying

his motion to amend final judgment, entered on July 11, 2019, and August 19,

2019, respectively. Following a careful review of the record, briefs, and law, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

On July 3, 2017, the Ludlow Police Department responded to a burglary on Linden Street in Kenton County. The victim told officers that a set of golf clubs had been stolen from his garage. He was able to retrieve footage of his driveway from a neighbor's security camera, which captured a man driving a gray Honda Civic with missing hubcaps parked in front of the victim's house. The driver got out of the vehicle, wearing shorts and a white t-shirt with a logo on the front. When another car drove by, the man started walking around the house; when the car passed, he entered the garage and soon thereafter exited with a set of golf clubs.

While at the scene, officers were asked to respond to another call only two blocks away on Carneal Street. Upon arrival, officers found Tucker with the same clothes and car depicted in the security camera footage from Linden Street. Tucker had entered the Carneal Street residence by removing an air conditioner and climbing through a window but was interrupted by the homeowner before he was able to steal anything. The officers placed him in custody. Looking inside his car, officers observed in plain view a white golf towel, club covers, and a scorecard. The Linden Street victim was able to identify the items, and Tucker

admitted to taking them from the residence. He then told officers that the golf clubs were in the trunk of his gray Honda Civic, a fact confirmed by the officers. The Carneal Street residents told officers that Tucker had been invited into the home earlier but had left and was not granted permission to re-enter the residence.

On September 7, 2017, Tucker was indicted on two counts of second-degree burglary,[1] and on October 5, 2017, as a first-degree persistent felony offender[2] (PFO I) due to six prior felony convictions. With enhancements, Tucker faced a maximum sentence of twenty years' imprisonment without the possibility of parole until ten years of his sentence was served. KRS 511.030.

Defense counsel negotiated with the Commonwealth to downgrade Tucker's PFO I to a PFO II. The plea agreement included a twenty-year prison sentence but made Tucker eligible for parole after four years served, as opposed to ten. Tucker accepted the plea agreement, and on June 6, 2018, the court issued a final judgment on the guilty plea. Tucker acknowledged before the court that he deserved his sentence and that his attorney had effectively represented him. He

---

[1] Kentucky Revised Statutes (KRS) 511.030, a Class C felony.

[2] KRS 532.080(3).

lodged no complaints, despite having sent a letter to his attorney threatening to file a bar complaint if he was not forthcoming with information about the case.

Prior to Tucker's plea agreement, his brother was shot and killed in an unrelated incident. The shooter was given a plea deal that included less prison time than Tucker's. Tucker alleges that his mother was pressured by the prosecutor in that case to support the reduced sentence, and her refusal to do so resulted in the (same) prosecutor being prejudiced against Tucker in his case.

After Tucker's plea agreement, he moved to vacate his conviction under RCr[3] 11.42 alleging ineffective assistance of counsel. The trial court denied the motion finding Tucker's claims to be without merit. Tucker then filed a CR[4] 60.02 motion, which was denied summarily. Neither motion was granted an evidentiary hearing. Tucker appealed both orders, and the two cases were consolidated by our Court.

### STANDARD OF REVIEW

As established in *Bowling v. Commonwealth*, 80 S.W.3d 405, 411-12 (Ky. 2002), the *Strickland* standard sets forth a two-prong test for ineffective assistance of counsel.

> First, the defendant must show that
> counsel's performance was deficient. This
> requires showing that counsel made errors

---

[3] Kentucky Rules of Criminal Procedure.

[4] Kentucky Rules of Civil Procedure.

so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984). To show prejudice, the

defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is the probability sufficient to undermine the confidence in the outcome.

*Id.* at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 695.

Both *Strickland* prongs must be met before relief may be granted. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064.

Fairness is measured in terms of reliability. "The likelihood of a different result must be substantial, not just conceivable." *Commonwealth v. Pridham*, 394 S.W.3d 867, 876 (Ky. 2012) (quoting *Harrington v Ritcher*, 562 U.S. 86, 112, 131 S.Ct. 770, 792, 178 L.Ed.2d 624 (2011)).

Mere speculation as to how other counsel might have performed either better or differently without any indication of what favorable facts would have resulted is not sufficient. Conjecture that a different strategy might have proved beneficial is also not sufficient. *Baze* [*v. Commonwealth*, 23 S.W.3d 619 (Ky. 2000)]; *Harper v. Commonwealth*, 978 S.W.2d 311 (1998). As noted by *Waters v. Thomas*, 46 F.3d 1506 (11th Cir. 1995) (*en banc*): "The mere fact that other witnesses might have been available or that other testimony might have been elicited from those who testified is not a sufficient ground to prove ineffectiveness of counsel."

*Hodge v. Commonwealth*, 116 S.W.3d 463, 470 (Ky. 2003), *overruled on other grounds by Leonard v. Commonwealth*, 279 S.W.3d 151 (Ky. 2009). "No conclusion of prejudice . . . can be supported by mere speculation." *Jackson v. Commonwealth*, 20 S.W.3d 906, 908 (Ky. 2000) (citation omitted).

## FAILURE TO CALL WITNESSES

Tucker alleges that counsel should have gone to trial and called his mother as a witness. According to his RCr 11.42 motion, his mother was upset that his brother's shooter got less time than Tucker and that her feelings of injustice caused the prosecutor to be vindictive toward Tucker. However, Tucker fails to allege that testimony from his mother would have included any exculpatory statements. Additionally, nothing in the record suggests that Tucker's mother was with him when the burglaries occurred or that she possessed any knowledge related thereto. The mere fact that Tucker's mother could have been called as a witness is insufficient to prove prejudice. *Hodge*, 116 S.W.3d at 470 ("[M]ere fact that other

- 6 -

witnesses might have been available or that other testimony might have been elicited from those who testified is not a sufficient ground to prove ineffectiveness of counsel.").

## FORCED ACCEPTANCE OF PLEA DEAL

Tucker alleges that he was forced to accept the plea deal. He believes that his defense counsel showed prejudice by working with the same prosecutor who was negotiating a plea deal for the man who shot Tucker's brother. This claim is also without merit. No conflict exists for a prosecutor to work on two separate and unrelated cases, nor would such affect defense counsel's work on one of those cases. Although Tucker believes the verdict could have been different had the prosecutor recused himself, his assertions are speculative at best, and the evidence against him was overwhelming. Simply put, Tucker fails to substantiate any claim against the prosecutor, nor does he prove any deficiency in defense counsel's performance in negotiating a plea agreement with the prosecutor on Tucker's behalf. He has presented no evidence in support of his claim that he was forced to accept the plea deal. Consequently, as there was no evidence of prejudice against Tucker, the trial court properly found that defense counsel rendered effective assistance.

Tucker also argues disparate sentencing between that of his brother's shooter and himself is evidence of prejudice and ineffective assistance of counsel.

To require courts to compare sentences for different crimes with different circumstances would make the sentencing process not only laborious but impractical. Furthermore, Tucker pled guilty to an amended sentence of PFO II despite the fact he had been convicted of six prior felony offenses. That amendment substantially reduced Tucker's parole eligibility. A prosecutor has wide discretion to offer plea agreements to criminal defendants within the sentencing guidelines. It is not the Court's job to second-guess the discretion of the prosecutor as to what plea deal he does or does not offer. Moreover, the prosecutor's conduct in offering plea deals is irrelevant to the performance of Tucker's own counsel. Therefore, the alleged disparate sentencing in Tucker's case does not support a claim of ineffective assistance of counsel.

## FALSE AND MISLEADING STATEMENTS

Tucker further alleges that the video recording obtained by the Commonwealth was false and misleading in that it does not show any person entering the Linden Street residence. However, the video clearly shows Tucker entering the garage at Linden Street and leaving with a set of golf clubs. Again, Tucker's claim is without merit.

Additionally, Tucker alleges a *Brady*[5] violation. Because this issue was not alleged in his motion before the trial court, and raised only on appeal, we

---

[5] *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

decline to address it. For this Court to have authority to review a claim, the trial court must have been given an opportunity to correct its alleged error. *Harrison v. Leach*, 323 S.W.3d 702, 708-09 (Ky. 2010).

## GUILTY PLEA

Tucker finally alleges that, because there was only circumstantial evidence regarding the Carneal Street burglary, he should not have pled guilty. While there was no evidence that Tucker stole anything from Carneal Street, officers found that Tucker had unlawfully entered the home. A charge of second-degree burglary does not require that anything be stolen, only entry into the home and intent to commit a crime. Thus, Tucker could be found guilty of second-degree burglary absent evidence that anything was actually stolen.

Furthermore, there was video proof that he entered the Linden Street residence, from which he confessed to stealing the golf clubs. Considering this evidence, it was not unreasonable for defense counsel to advise Tucker to accept the plea deal. In fact, it was a decision that Tucker acknowledged was appropriate and just at the hearing. Moreover, evidence for convicting on either offense was sufficient for the sentence Tucker received as both felony offenses ran concurrently. As earlier noted, had he gone to trial, Tucker may well have received the maximum sentence without the possibility of parole for ten years, as opposed to serving only four years until he was eligible. Tucker has not proven

prejudice, nor has he proven that the assistance provided by his defense counsel was deficient.

## CR 60.02 MOTION

This issue was not specifically addressed by Tucker in his appellate brief. Failure to present an argument on this issue on appeal constitutes abandonment and/or waiver. "An appellant's failure to discuss particular errors in his brief is the same as if no brief at all had been filed on those issues." *Milby v. Mears*, 580 S.W.2d 724, 727 (Ky. App. 1979) (citation omitted). As such, we need not discuss this issue.

## CONCLUSION

Therefore, for the foregoing reasons, the orders entered by the Kenton Circuit Court are AFFIRMED.


ALL CONCUR.


BRIEF FOR APPELLANT:

Timothy M. Tucker, *pro se*
Lexington, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Robert Baldridge
Assistant Attorney General
Frankfort, Kentucky