RENDERED: JUNE 2, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0151-MR

JOHN FAIRLEY, III                                                    APPELLANT

v.                    APPEAL FROM CHRISTIAN CIRCUIT COURT
                           HONORABLE ANDREW SELF, JUDGE
                           ACTION NO. 14-CR-00551

COMMONWEALTH OF KENTUCKY                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, DIXON, AND EASTON, JUDGES.

DIXON, JUDGE:  John Fairley, III, appeals the order of the Christian Circuit

Court, entered on January 9, 2022, denying his RCr[1] 11.42 motion to vacate his

convictions.  After careful review of the briefs, record, and law, we affirm.

---

[1]  Kentucky Rules of Criminal Procedure.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

After a jury trial, Fairley was convicted of first-degree robbery,[2] receiving stolen property (firearm),[3] first-degree possession of a controlled substance (while armed),[4] and possession of marijuana (while armed),[5] and sentenced to 20 years' imprisonment by judgment entered January 4, 2016.  The Supreme Court of Kentucky affirmed on direct appeal, and we adopt those facts, as follows:

> On September 2, 2014, Charles "Bird Dog" Page . . . hitched a ride with two . . . men in a blue car.  After driving for some time, the driver turned down an alley.  Subsequently, the passenger in the front seat (later identified by Page as Fairley) pointed a handgun at Page and commanded "Give me your money."  Page fled the vehicle and ran towards a law office.  Fairley gave chase and struck Page in the back of the head with his pistol.  Page then began to yell for help.
>
> Hearing the disturbance, Lucius Hawes[] exited his law office and saw [a man matching Fairley's description], dressed in dark clothing, and carrying a large semi-automatic pistol, fleeing the scene headed in the direction of Clay Street.  [Page later reported that the assailant also stole his money.]
>
> . . . .

---

[2]  A class B felony.  Kentucky Revised Statutes (KRS ) 515.020.

[3]  A class D felony.  KRS 514.110(3)(c) (2009).

[4]  Enhanced to a class C felony.  KRS 218A.1415; KRS 218A.992.

[5]  Enhanced to a class D felony.  KRS 218A.1422; KRS 218A.992.

[Police] received tips which suggested Fairley's involvement . . . [and] learned that at the time of the robbery [he] had been wearing a GPS ankle monitor as part of a court-ordered home incarceration. . . . Fairley's monitoring device was registered as being near Hawes's office and moving away from that location towards Clay Street at the time of the robbery.

[During his first police interview, Fairley claimed to have been out submitting employment applications in a red car on the day of the robbery.] The following day, September 4, 2014, police using GPS tracking located Fairley sitting alone in the back seat of a white vehicle parked in a vacant lot. [I]n the rear of the vehicle, approximately a foot away from Fairley, was a firearm which . . . had previously been reported stolen. Also in the vacant lot was a blue Malibu vehicle . . . registered to Fairley's mother.

After Fairley's arrest he was again interviewed by the police . . . . Fairley initially claimed that he had been at his home during the time of the robbery. However, later in the interview, he stated that he had witnessed someone attacking Page and he gave that person a ride away from the area.

[Police recovered cocaine and marijuana from a] later search of the blue Malibu . . . [, and] forensic testing established the presence of [Page's] blood on the passenger's side door handle of the blue Malibu, the firearm, and [a pair of socks recovered from Fairley's home].

*Fairley v. Commonwealth*, 527 S.W.3d 792, 795-96 (Ky. 2017) (footnote omitted).

On April 1, 2019, Fairley filed the underlying motion asserting that he received ineffective assistance of counsel. An evidentiary hearing was conducted

on September 2, 2021, wherein he and his trial counsel testified concerning counsel's investigative efforts and his preparation of Fairley's trial testimony. After briefing, the court entered an order denying relief on January 9, 2022, and this appeal followed. Additional facts will be introduced as they become relevant.

**STANDARD OF REVIEW**

Ineffective assistance of counsel claims are evaluated under the two-prong standard articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and adopted by the Supreme Court of Kentucky in *Gall v. Commonwealth*, 702 S.W.2d 37 (Ky. 1985). To merit relief, the movant must demonstrate that counsel's performance was deficient and that said deficiency prejudiced the defense. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. "Unless a [movant] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id*.

Deficiency is proven if counsel's performance was outside the wide range of prevailing professional norms based on an objective standard of reasonableness. *Id.* at 687-89, 104 S. Ct. at 2064-66. To establish prejudice, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the

outcome." *Id*. at 694, 104 S. Ct. at 2068. "The likelihood of a different result must be substantial, not just conceivable." *Commonwealth v. Pridham*, 394 S.W.3d 867, 876 (Ky. 2012) (quoting *Harrington v. Richter*, 562 U.S. 86, 112, 131 S. Ct. 770, 792, 178 L. Ed. 2d 624 (2011)). On appeal, "we review the trial court's factual findings only for clear error, but its application of legal standards and precedents . . . we review de novo." *Id.* at 875 (citations omitted).

## LEGAL ANALYSIS

On appeal, Fairley asserts the court's finding that trial counsel was not deficient is clearly erroneous given counsel's admissions that he did not interview any witnesses except the GPS technician and that he failed to prepare Fairley to testify. We need not resolve this claim, however, because we agree with the court's alternative finding that, regardless, Fairley has failed to demonstrate prejudice. *See Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069.[6]

In dispensing with an analysis on the sufficiency of trial counsel's representation, we note that Fairley has made only the most generalized claims of prejudice. After referencing his 20-year sentence and his steadfast claims of innocence, Fairley asserts that "though there was indeed evidence presented against him, it is probable that with an attack on any one piece of evidence" he

---

[6] "The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed."

may have achieved "a lesser sentence or acquittal." The law is well-settled that "[m]ere speculation as to how other counsel might have performed either better or differently without any indication of what favorable facts would have resulted is not sufficient." *Hodge v. Commonwealth*, 116 S.W.3d 463, 470 (Ky. 2003), *overruled on other grounds by Leonard v. Commonwealth*, 279 S.W.3d 151 (Ky. 2009). Likewise, "[c]onjecture that a different strategy might have proved beneficial is also not sufficient." *Id.* (citing *Baze v. Commonwealth*, 23 S.W.3d 619 (Ky. 2000); *Harper v. Commonwealth*, 978 S.W.2d 311 (Ky. 1998)).

Here, Fairley has not met his burden of proof because he has failed to identify with any specificity how he could have reasonably fared better but for the alleged errors of counsel. As the circuit court noted in its order denying relief, the evidence of Fairley's guilt was overwhelming. GPS monitoring placed him in the area of the robbery, and his movements coincided with third-party testimony detailing the assailant's flight from the scene. Additionally, Fairley's guilt was corroborated by the presence of the victim's DNA on clothing seized from his home, a stolen firearm located in close proximity to him, and on a vehicle registered to his mother, which also contained cocaine and marijuana. Additionally, despite this wealth of unbiased evidence, Fairley's 20-year sentence is on the lower end of the 10- to 40-year sentencing range he faced if found guilty on all charges. Accordingly, Fairley has not demonstrated sufficient prejudice to

sustain a conclusion that he received ineffective assistance of counsel, and we find no error.

## CONCLUSION

Therefore, and for the foregoing reasons, the judgment of the Christian Circuit Court is AFFIRMED.


ALL CONCUR.


BRIEF FOR APPELLANT:

Kara Stinson Lewis
LaGrange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Perry T. Ryan
Assistant Attorney General
Frankfort, Kentucky